[No. 8845.]

## HOWARD ET AL. v. THE PEOPLE.

1. CRIMINAL LAW—*Information—Formal Defects.* An information under chapter 151 of the Laws of 1907, for burglary, charged the use of explosives "*with* the purpose, etc.," instead of "*for* the purpose, etc." The information also failed to aver expressly the incorporation of the owner of the building. *Held,* too late after verdict. (Rev. Stat., secs. 1956, 1978, 1986.) (133.)

2. ——*Burglary—Title to the Premises.* A banking corporation having possession of the building, burglariously entered, occupying it for the conduct of its business, is the owner, for the purposes of a prosecution for the burglary. (133.)

3. ——*Writ of Error—Questions Not Presented Below.* Information for the burglary of "the banking house of the La Jara State Bank, a corporation." Suggestion that the incorporation of the bank was not proven will not be heard, if first presented in this court. (134.)

Motions for a new trial, and in arrest of judgment, alleging that the information "does not state in correct form, the corporate capacity of the bank," and that "the evidence does not support the verdict," *held,* not sufficient to present in the lower court the sufficiency of the allegation complained of, or the sufficiency of the evidence. (134.)

4. ——*Corporate Name,* warrants the inference of corporate capacity. (135.)

5. *Intent.* It is not essential to a conviction under chapter 151 of the Acts of 1907 that the crime intended in the burglarious entry should have been actually committed. (135.)

*Error to Conejos District Court.* Hon. JESSE C. WILEY, Judge.

Mr. FRED COUNSELOR, Mr. JAMES D. PILCHER, and Mr. JESSE STEPHENSON, for plaintiffs in error.

Hon. FRED FARRAR, Attorney General, and Mr. W. B. MORGAN, Assistant Attorney General, for The People.

Defendants were convicted of the crime of burglary with explosives.

About four o'clock a. m., October 11, 1915, the building or room occupied by the La Jara State Bank of La Jara, Colorado, was forcibly broken into, the safe blown open with some high explosive, and about $6,000.00 belonging to the bank stolen.

The information charges that on or about October 11, 1915, at Conejos county, Colorado, defendants did then and there unlawfully, feloniously, wilfully, maliciously, burglariously, and forcibly, break and enter into the banking house of the La Jara State Bank, a corporation, there situated, with intent then and there the personal property, goods, chattels, and money, of said La Jara State Bank then being in said banking house, then and there feloniously, wilfully, maliciously, and burglariously to steal, take and carry away, and did then and there with (for) the purpose of so unlawfully and feloniously stealing, taking and carrying away the personal property, goods, chattels and moneys use an explosive.

Mr. JUSTICE GARRIGUES delivered the opinion of the court.

1. Section 1, page 334, S. L. 1907, provides:

"Any person who, with the intent to commit any crime, breaks and enters any building and, for the purpose of committing any crime, uses or attempts to use nitroglycerine, dynamite, gunpowder or any other explosive, is guilty of burglary with explosives."

It is charged that defendants, with intent to commit larceny, broke and entered the banking house of the La

Jara State Bank, a corporation, and used an explosive *with* (for) the purpose of committing such crime.

Complaint is made because the pleader used the word, "with" instead of "for," where the statute provides: And "for" the purpose of committing any crime uses or attempts to use an explosive. Also it is claimed the information is faulty because the corporate existence of the bank is not affirmatively alleged, but only by way of recital. Whatever merit there may be in either of these contentions, they should have been called to the attention of the lower court before verdict. It is too late after trial and conviction to raise matters of this character for the first time. Sections 1956, 1978, 1986, R. S. 1908; *Poole v. People,* 24 Colo. 510, 513, 52 Pac. 1025, 65 Am. St. 245; *Laycock v. State,* 136 Ind. 217, 36 N. E. 137.

2. We will next consider the assignments of error as to the sufficiency of the evidence to support the verdict, and lack of proof as to the corporate existence of the La Jara State Bank. The evidence as to the defendants being guilty is overwhelming and will not be further considered. Also the evidence is sufficient that the La Jara State Bank owned the building broken into, and the money therein contained, which was stolen from the safe, and that an explosive was used by the burglars after they entered the bank, for the purpose of committing the crime of stealing the bank's money. It was not necessary to show who held the legal title to the building. If the bank had possession of and was occupying it in conducting a banking business, it was the bank's building for all the purposes of this case, no matter who held the legal title. The evidence clearly shows that the La Jara State Bank was burglarized; that the safe belonging to the bank was blown open; that the crime was committed by the use of explosives and that the stolen money belonged to the bank.

3.   The information charged that it was the banking house of The La Jara State Bank, a corporation, and it is claimed that the evidence fails to establish the corporate existence of the bank.   The question regarding the alleged failure to prove the corporate capacity of the bank is raised for the first time in this court and for that reason alone, under the doctrine announced in *Perry v. People,* 38 Colo. 23, 87 Pac. 796, we might refuse to consider this assignment.   Counsel now claim, however, that this question of proof regarding the incorporation of the bank, was raised in the court below in a motion for a new trial, and also in a motion in arrest of judgment; but an inspection of those documents shows that those motions simply stated in the most general way that the evidence did not support the verdict.   There was no specific allegation in either that there had been no evidence introduced regarding the corporate capacity of the bank.   The only allegation in that respect is, that the information does not state in correct form the corporate capacity of the bank, which has nothing to do with the contention that the evidence failed to show that the bank was a corporation.   The alleged defect in the proof regarding the incorporation of the bank is set forth for the first time in the assignments of error, which is not sufficient.   It should have been raised in the lower court.   But we do not wish it to be inferred that we are of the opinion that there is not sufficient evidence in the record to import the corporate capacity of the bank.   The prosecuting witness, who, it appears, was in charge of the bank, testified that he was engaged in the banking business at La Jara in connection with the La Jara *State* Bank, which was burglarized, and other witnesses who were upon the scene shortly after the explosion, testified to its occurring in the bank building of the La Jara *State* Bank.   In 1911, the legislature of Colorado passed a very comprehensive state banking law, section 9 of which provides:

"Individuals or co-partners engaged in banking shall not use the word 'state' as a part of the bank or firm name."

It would seem that by reason of this banking act, the name, "The La Jara State Bank," imports corporate existence just the same as if the proof had shown that it was a national bank. The corporate existence of the bank is a mere incident to the crime charged and we think under the evidence and our banking act, could be lawfully inferred from the name itself.

4. The breaking and entering must have been with the intent to commit the crime of larceny and the explosive must have been used for the purpose of committing such a crime. It was sufficient if the forcible entry and the use of an explosive were with the intent to and for the purpose of committing the crime. It was not necessary that a larceny should have been in fact committed. Larceny was not the offense charged against the defendants. They might not have committed larceny at all and yet been guilty of burglary with explosives. They might have forcibly entered the building with intent to steal the money, blown open the safe for that purpose, and have been frightened away or arrested immediately after the explosion before actually taking any property, in which event they would not be guilty of larceny, but would clearly be guilty of burglary with explosives. If they in fact took money from the safe, this could be shown by evidence on the trial, not for the purpose of convicting them of larceny, but as tending to show their intent in breaking and entering the building and their purpose in blowing open the safe with explosives. The judgment is affirmed.

*Affirmed.*

Mr. JUSTICE WHITE and Mr. JUSTICE SCOTT concur.