### Richmond

BILLY JOE KNOX

v.

COMMONWEALTH OF VIRGINIA

June 17, 1983.

Record No. 821550.

Present: All the Justices.

*Peter McBride* for appellant.

*Jacqueline G. Epps, Senior Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

POFF, J., delivered the opinion of the Court.

As framed by the parties, the issue on this appeal is whether one spouse can be guilty of statutory burglary of a dwelling leased and occupied by the other spouse.

In May 1981, Shirley Knox, a victim of physical abuse by her husband, Billy Joe Knox, left the marital abode and moved with her children into an apartment she had rented. In November, Knox broke open Shirley's front door, entered her bedroom, and assaulted his wife and her paramour. A jury convicted Knox of burglary in violation of Code § 18.2-92,* and the trial court imposed the two-year penitentiary sentence fixed in the verdict. Knox was also convicted of unlawful wounding, but our review is limited to the burglary conviction.

Knox concedes that "the basis for this appeal would not exist" if the Commonwealth had proved that his "right of access or consortium [had] been limited by Court Order or Decree". Absent such judicial restraint, he says, the common law right of consortium "is a limitation on a spouse's dominion and control over premises owned and occupied by that spouse." In effect, Knox argues that a husband, although living apart from his wife, has a right, derived from his right of access to her society and conjugal relations, to break and enter her dwelling, even if he does so with intent to commit assault and battery upon her person. If ever this was the law, and we think it never was, it is no longer.

■ Code § 55-35, a statutory descendant of a portion of the Married Woman's Act, Acts 1876-77, c. 329, provides:

---

* § 18.2-92. **Breaking and entering dwelling house with intent to commit assault or other misdemeanor.** —If any person break and enter a dwelling house while said dwelling is occupied, either in the day or nighttime, with the intent to commit assault or any other misdemeanor except trespass, he shall be guilty of a Class 6 felony; provided, however, that if such person was armed with a deadly weapon at the time of such entry, he shall be guilty of a Class 2 felony.

A married woman shall have the right to acquire, hold, use, control and dispose of property as if she were unmarried and . . . neither her husband's right to curtesy nor his marital rights shall entitle him to the possession or use . . . of such real estate during the coverture. . . .

In *Edmonds* v. *Edmonds*, 139 Va. 652, 124 S.E. 415 (1924), we construed that language to uphold a wife's right to evict her estranged husband, as though he were a trespasser, from an apartment owned by her and formerly used as the marital dwelling. Specifically, we held that, since the adoption of the Act, a husband's "right to curtesy and his marital rights give him no more power or authority over his wife's property than if he were a total stranger." *Id.* at 658, 124 S.E. at 417.

In the course of our opinion, we observed that "[i]t is difficult . . . to see how the husband, under our statute, can have any right of occupancy of the wife's real estate unless she resides upon it, and he gets the right of joint occupancy with her then, not because he has any interest in her land, or control over it, or the right to use it, but because as her husband he has the right to the enjoyment of her society." *Id.* at 660, 124 S.E. at 417. As Knox construes this language, our ruling upholding the wife's property rights "would not apply if the wife was occupying the premises." We expressly disavow the construction Knox urges. Code § 55-35 imposes no such limitation upon a married woman's property rights, and *Edmonds* does not. Rather, the comment to which Knox refers reinforces the conclusion that the property rights accorded a wife by the Married Woman's Act are such that, once joint occupancy of a marital abode owned by the wife is terminated by separation of the parties, the husband's common law marital rights in his wife's property no longer prevail over her right to exclusive possession and control.

In *Edmonds*, we construed the Married Woman's Act to authorize a wife to invoke a civil remedy to enforce her possessory rights in real property. Later, this Court was to discover other effects the Act works upon a wife's civil rights. Thus, in *Vigilant Ins. Co.* v. *Bennett*, 197 Va. 216, 223, 89 S.E.2d 69, 74 (1955), we found that a wife's "substantive right to sue her husband for tortious damage to her property (as distinguished from a purely personal tort . . .) is furnished by § 55-35." In *Surratt, Adm'r* v. *Thompson*, 212 Va. 191, 183 S.E.2d 200 (1971), we abandoned

the distinction between property torts and personal torts, and, overruling contrary precedents, abolished the doctrine of interspousal immunity in wrongful death cases. *See also Korman* v. *Carpenter*, 216 Va. 86, 216 S.E.2d 195 (1975).

More recently, we have held that the Act impacts the criminal as well as the civil law. Noting in *Stewart* v. *Commonwealth*, 219 Va. 887, 252 S.E.2d 329 (1979), that "at common law a husband could not commit larceny of his wife's property because he could not steal from himself", *id.* at 889, 252 S.E.2d at 331, we said that "the purpose of the Married Woman's Act would be frustrated if a husband could steal with impunity from his wife," and we concluded that "he may be prosecuted as any other thief for the larceny of her property." *Id.* at 891, 252 S.E.2d at 332.

Summarizing and applying the principles drawn from our decisions construing the Married Woman's Act, we are of opinion that when a wife is living apart from her husband in her own dwelling, one in which he has no proprietary interest, the husband's right of consortium is subordinate to the wife's right of exclusive possession; and, we hold that, just as a husband who steals his wife's personal property is guilty of the crime of larceny, a husband who breaks and enters his wife's dwelling with intent to commit assault is guilty of the crime of statutory burglary as defined in Code § 18.2-92.

We are of opinion Knox was properly charged and convicted under that statute, and we will affirm the judgment.

*Affirmed.*