STATE OF NORTH CAROLINA v. SAUNDERS H. COX

No. 842SC649

(Filed 5 March 1985)

1. Criminal Law § 83.1— testimony of wife against husband admissible—competent but not compellable

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury and first-degree burglary, defendant's wife was competent to testify where defendant was indicted on 3 October 1983, defendant's wife rented the house allegedly burglarized by defendant, defendant's wife was in court on a voluntary basis, and the State relied on her as a prosecuting witness. G.S. 8-57 (Cum. Supp. 1983).

2. **Burglary and Unlawful Breakings § 5.8— residence of estranged wife—evidence of first-degree burglary sufficient**

There was sufficient evidence to submit first-degree burglary to the jury where the evidence, in the light most favorable to the State, tended to show that defendant, his wife, and their daughter lived together in a rented house until 5 July 1982, when defendant moved out of the house; defendant's wife intended the separation to be permanent; defendant continued to visit his daughter after the separation and contributed to the support of his wife and child; defendant called his wife at approximately midnight on 22 July 1983 to ask if he could come to the house and was refused; defendant then asked to speak to his daughter and was told that she was spending the night elsewhere; an argument ensued and defendant's wife hung up; defendant's wife heard a door slam a few minutes later and saw defendant get out of a truck; defendant began to knock on the door and call out his wife's name; defendant's wife told him she would not let him in, told the man with her in the house to go to her daughter's bedroom, and went to her bedroom to call the police; defendant slashed the tires on the other man's truck, then kicked in the door and walked down the hall to the daughter's bedroom, holding a knife and a can of beer; and defendant stabbed the man in the leg, severing an artery and some nerves.

3. **Burglary and Unlawful Breakings § 6.2— assault with a knife—evidence of intent at time of entry sufficient**

There was sufficient evidence that defendant intended to commit an assault with a knife when he gained entry to a house by kicking down a door where the victim testified that defendant's wife first told defendant when he came to the door that "her daughter was not here and that only her and I were there," that defendant then slashed the victim's tires, and that defendant's wife saw defendant with a knife shortly after he gained entry and prior to the moment he confronted the victim.

4. **Burglary and Unlawful Breakings § 5.8— residence of estranged spouse—no property interest in defendant**

Defendant's motion to dismiss a first-degree burglary prosecution was properly denied where the evidence showed that defendant's wife occupied the residence and paid the rent and utilities, that defendant had not resided in the house for a year, and that his wife repeatedly refused to admit him on the night in question. The marital relationship did not create in defendant a property interest in his wife's residence, and neither the absence of a separation agreement nor the presence of defendant's clothing and tools in the house was relevant to defendant's right to enter the house occupied exclusively by his wife and daughter. G.S. 14-51.

5. **Burglary and Unlawful Breakings §§ 6.2, 6.4— instructions on defendant's right to enter premises not required by evidence—failure to define non-felonious upon jury request—no error**

In a prosecution for first-degree burglary and felonious assault, the court did not err in failing to give instructions relating to defendant being on his own premises or having a right to enter the dwelling house because there was no evidence that he was on his own premises or that he had a right to enter

the dwelling house; furthermore, the court did not err by not defining "non-felonious" when requested to do so by the jury because instructions given adequately declared and explained the law arising upon the evidence.

APPEAL by defendant from *Phillips (Herbert O.), Judge.* Judgments entered 3 February 1984 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 13 February 1985.

Defendant was charged in proper bills of indictment with assault with a deadly weapon with intent to kill inflicting serious injury and first degree burglary. He was found guilty of assault with a deadly weapon inflicting serious injury and first degree burglary. From judgments entered on the verdicts sentencing defendant to serve five years in prison for assault with a deadly weapon inflicting serious injury and twenty-five years for first degree burglary, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General William B. Ray, for the State.*

*Hulse & Hulse, by Herbert B. Hulse, for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant first assigns error to admission of testimony by defendant's wife "as to confidential communication between him and his wife." N.C. Gen. Stat. Sec. 8-57 (Cum. Supp. 1983) governs the competence and compellability of spouses as witnesses in criminal actions. G.S. 8-57 was rewritten by our Legislature in 1983, and the revised version is applicable in all criminal prosecutions instituted after 1 October 1983. Defendant was indicted for the offenses with which he is charged on 3 October 1983, and the amended version of G.S. 8-57 thus controls our decision as to this assignment of error. The statute in pertinent part provides:

(b) The spouse of the defendant shall be competent but not compellable to testify for the State against the defendant, except that the spouse of the defendant shall be both competent and compellable [to testify in certain enumerated circumstances].

State v. Cox

The record in the instant case discloses that defendant's wife rented the house allegedly burglarized by defendant, and that the State relied on her as a prosecuting witness. The district attorney represented to the court, and the court found as a fact, that Mrs. Cox had "submitted herself as a witness and [was in court] on a voluntary basis." Thus the record shows that Mrs. Cox was not compelled to testify, and the statute declares that she was competent to testify. The assignment of error is without merit.

[2] Defendant assigns error to the court's denial of his motion to dismiss the charge of first degree burglary and to the court's submission of that offense to the jury, alleging insufficiency of the evidence. The evidence introduced at trial, considered in the light most favorable to the State, tends to show the following: Defendant, his wife, and their daughter lived together in a rented house at 1204 W. Fifth Street in Washington, North Carolina, until 5 July 1982, at which time defendant moved out of the house. Mrs. Cox intended the separation to be permanent. Defendant continued to visit his daughter after the separation and contributed to the support of his wife and child. On 22 July 1983 at approximately midnight defendant called Mrs. Cox and asked if he could come to the house, a request Mrs. Cox refused. Defendant then asked if he could speak to his daughter, and was told that the child was spending the night with defendant's sister. An argument ensued, and Mrs. Cox hung up. With Mrs. Cox at this time was Joel Withers. A few minutes later Mrs. Cox heard a door slam, looked out a window, and saw defendant get out of a truck. Defendant began to knock on the door "real hard," and to call out Mrs. Cox's name. Mrs. Cox told defendant she would not open the door and let him in, told Mr. Withers to go to her daughter's room, and then went to her bedroom to call the police. While Mrs. Cox was on the phone defendant slashed the tires on Mr. Withers' truck, which was parked in Mrs. Cox's yard. Defendant then kicked down the door of the residence and walked down the hall to his daughter's room. Mrs. Cox testified that she saw defendant as he walked down the hall, and that defendant was holding a knife and a can of beer. Defendant stabbed Mr. Withers in the leg, severing an artery and some nerves. Mrs. Cox, observing defendant's action, ran to get a gun and shot defendant.

[3] Defendant argues that "there is no evidence to show that at the time he kicked in the door he had an intention to commit an

assault with a deadly weapon with intent to kill inflicting serious injury as alleged in the bill of indictment." We disagree. Mr. Withers testified that Mrs. Cox told defendant when he first came to the door that "her daughter was not here and that only her and I were there." The State's evidence tended to show that defendant then slashed Mr. Withers' tires. Mrs. Cox testified that she saw defendant with a knife shortly after he gained entry, prior to the moment he confronted Mr. Withers in the child's bedroom. This evidence is sufficient to raise an inference that defendant knew of Mr. Withers' presence prior to kicking down the door, and that at the time he gained entry into the house, he intended to commit an assault upon Mr. Withers with a knife.

[4] Defendant contends there is another reason why his motion to dismiss the charge of first degree burglary should have been granted; he argues "the evidence clearly shows that the defendant was entitled to enter his marital domicile even though he had been separated from his wife." We are aware of no case, and defendant cites none, that resolves the issue raised by defendant: Does the marital relationship, in and of itself, constitute a complete defense to the offense of burglary in the first degree? For the reasons outlined below, we hold that it does not.

The offense of burglary is defined in G.S. 14-51, which in turn appears in Subchapter IV: "Offenses Against the Habitation and Other Buildings." Burglary is an offense against property, in contrast to offenses such as homicide, rape, and assault, which have been classified by our Legislature, in Subchapter III, as "Offenses Against the Person." Because the offense is a crime against property, it is incumbent upon the State to prove, as one element of the crime, that the dwelling house wrongfully entered was that "of another." "[O]ne cannot commit the offense of burglary by breaking into one's own house. . . ." *State v. Beaver*, 291 N.C. 137, 141, 229 S.E. 2d 179, 182 (1976). "[I]n burglary cases, we hold that occupation or possession of a dwelling or sleeping apartment is tantamount to ownership." *Id.*

In the instant case, the State offered evidence tending to show that Mrs. Cox occupied the residence located at 1204 W. Fifth Street. Defendant's wife paid the rent and utilities pursuant to her occupation of the house. Mrs. Cox testified that defendant had not resided in the home for more than a year prior to the of-

State v. Cox

fense with which he was charged, and that she repeatedly refused to admit him on the night in question. We think this evidence ample to permit an inference that defendant broke and entered the dwelling house of another. We reject defendant's argument that the marital relationship between him and Mrs. Cox necessarily created in defendant a property interest in the residence of Mrs. Cox. Defendant's motion to dismiss was properly denied.

Defendant brings forth and argues numerous other assignments of error based on his contention that his entry into the house occupied by Mrs. Cox was permissible because of the marital relationship. First, defendant challenges the court's exclusion of evidence concerning the status of the marital relationship between him and Mrs. Cox and evidence concerning "the presence of [defendant's] personal effects at the home he had shared with his wife." Our examination of the proffered testimony reveals that this evidence was properly excluded as irrelevant. Contrary to defendant's contentions, neither the absence of a separation agreement nor the presence of his clothing and tools in the house is relevant to defendant's right to enter the home occupied exclusively by Mrs. Cox and the couple's daughter. Such evidence does not tend to show that Mrs. Cox consented to defendant's entry, nor is it relevant to prove that defendant had a property interest in the home. Consequently, we find no merit in these assignments of error.

[5] In related arguments, defendant challenges the court's instructions to the jury. First, he argues that the court erred in denying his request "for an instruction with respect to self defense where the person assaulted is without fault and on his own premises." Next, he contends the court should have instructed, even absent request, "that the defendant's evidence as to this right to enter the dwelling house, if accepted by the jury, would constitute a defense to the charge of first degree burglary." We find both contentions unpersuasive because no evidence was presented that tended to show that defendant was "on his own premises" when he stabbed Mr. Withers, or that tended to show defendant had a "right to enter the dwelling house."

Defendant finally assigns error to the court's refusal to define the term "non-felonious" when asked by the jury to do so. Defendant cites no authority in support of his argument that the

court was required to comply with the jury's request. We have examined the instructions given by the trial judge and find that he adequately declared and explained the law arising upon the evidence. The court instructed the jury on the elements of first degree burglary and on the elements of the lesser included offense of non-felonious breaking or entering, and no objection was raised to these instructions. We think an additional instruction containing a definition of the term "non-felonious" might well have been more confusing than helpful to the jury, and so hold that the court did not err in refusing the jury's request.

We hold defendant had a fair trial, free from prejudicial error.

No error.

Judges JOHNSON and COZORT concur.