The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Byron L. BAREFIELD, Defendant–Appellant.

No. 87CA0999.

Colorado Court of Appeals, Div. V.

Sept. 6, 1990.[*]

Rehearing Denied Oct. 18, 1990.

Certiorari Denied Jan. 28, 1991.

---

[*] Prior Opinion announced April 12, 1990 was Withdrawn. Petition for Rehearing Granted.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., Deborah Isenberg Pratt, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Robert W. Thompson, Jr., Denver, for defendant-appellant.

Opinion by Judge DUBOFSKY.

Defendant, Byron L. Barefield, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of second degree burglary and attempted theft. He also challenges the sentence imposed and appeals from the trial court's order denying his Crim.P. 35(c) motion. We affirm the judgment of conviction and the denial of the post-conviction motion.

## I.

Defendant contends the evidence was insufficient to sustain his conviction for second degree burglary. He argues that because he was working as a janitor in the building where the offense took place, the prosecution failed to prove that he knowingly broke an entrance into, or entered, or remained unlawfully in a building. The "burglarized" office was used by a Jefferson County attorney and was part of the Jefferson County Courthouse Complex. We conclude that all elements of the offense were demonstrated by the evidence.

A person commits second degree burglary if he knowingly breaks an entrance into, or enters, or remains unlawfully in a building or occupied structure with intent to commit therein a crime against a person or property. Section 18–4–203(1), C.R.S. (1986 Repl.Vol. 8B). A person "unlawfully enters or remains" in or upon premises when he is not licensed, invited, or otherwise privileged to do so. Section 18–4–201(3), C.R.S. (1986 Repl.Vol. 8B).

The record reflects that the defendant used keys given to him in the course of his employment to enter a locked office which had a sign on the door stating: "Do not enter or clean this office. Sensitive material involved. Thanks. John." The county attorney testified he had previously used the signs to restrict access to his office in order to protect privileged or sensitive materials involving his cases. Furthermore, he testified that the janitorial staff was on notice to respect and follow these signs.

In a post-arrest statement given by the defendant and admitted into evidence, the defendant confessed that he entered the locked office to look for something to steal after having read the sign.

Analysis of this evidence reveals the presence of evidence to support all the elements of the crime of burglary. Defendant argues, however, that the county attorney did not have the authority to revoke his right to enter the office. He claims that only an administrative agency or building superintendent, acting as agent for Jefferson County government, had such authority. We disagree.

■ Previously granted authority to enter a premise must be withdrawn before a person so authorized can be convicted of burglary. *See People v. Carstensen,* 161 Colo. 249, 420 P.2d 820 (1966); *Stowell v. People,* 104 Colo. 255, 90 P.2d 520 (1939). A general grant of authority or license to enter a part of a building does not necessarily include the right to enter subunits or other parts of the building. *See People v. Germany,* 41 Colo.App. 304, 586 P.2d 1006 (1978), *rev'd on other grounds,* 198 Colo. 337, 599 P.2d 904 (1979).

■ In *Sloan v. People,* 65 Colo. 456, 176 P. 481 (1918), the court held that any rightful possession of a premises creates a sufficient "ownership" or possessory interest in the property such that an unlawful entry constitutes a burglary committed against the person with that interest. The *Sloan* holding reflects the general principle that, in determining whether the crime of burglary has been committed, the focus is upon the possessory rights of the parties and not the ownership rights based on legal title. *Howard v. People,* 62 Colo. 131, 160 P. 1060 (1916).

■ Here, the person claiming possessory interest with a right to control others' ingress and egress was the county attorney who used this space as his office. We hold that a county attorney who routinely uses public space for his office has a sufficient possessory interest to control and limit the people who have access to it, including janitorial staff. *See Chambers v. State,* 630 S.W.2d 413 (Tex.Crim.App.1982); *see also People v. Bailey,* 80 Ill.App.3d 242, 35 Ill.Dec. 658, 399 N.E.2d 724 (1980); *Hobby v. State,* 480 S.W.2d 554 (Tenn.1972). Thus, here, the county attorney had the requisite authority to, and did restrict defendant's access to his office, and consequently, defendant's admitted entry into the office with the intent to steal was properly found by the jury to constitute burglary.

## II.

Defendant also contends the trial court erred by denying his Crim.P. 35(c) motion in which he alleged he was denied the effective assistance of counsel. We disagree.

■ In order to justify relief based upon the alleged ineffectiveness of his counsel, a defendant must demonstrate, first, that in light of all the circumstances, the identified acts or omissions of counsel were outside the range of professionally competent assistance and, second, that he suffered prejudice because of his counsel's ineffectiveness. Such prejudice is present if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *People v. District Court,* 761 P.2d 206 (Colo.1988); *see Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

At the hearing on the Crim.P. 35(c) motion, defendant indicated that trial counsel's performance was deficient because he did not have an adequate opportunity to discuss the case with her prior to trial, counsel failed to call witnesses to testify, and she failed both to investigate the case and adequately to prepare for trial. Defendant's expert witness indicated at trial that in his professional opinion, trial counsel should have: (a) vigorously argued the legal issue of defendant's authority to be on the premises, (b) spent more time preparing the case, and (c) presented witnesses at trial. The trial court rejected the expert's testimony and conclusions.

■ When, as here, defendant asserts serious allegations amounting to malpractice against a prior attorney, it is incumbent upon defendant to present the law and facts that support the claim. Here, the evidence and legal authority presented by defendant at his Crim.P. 35(c) hearing failed to do this. For example, there was an allegation that trial counsel had negligently failed to call certain witnesses whose testimony would have assisted defendant. However, at the hearing, defendant failed to call those witnesses to ascertain what their testimony would have been. Moreover, the record supports the trial

court's determination that some aspects of the defendant's testimony at the Crim.P. 35(c) hearing were inherently incredible.

Furthermore, at trial, the prosecution presented a video tape of the crime being committed and introduced into evidence defendant's confession to the crime. In light of such strong evidence of guilt, the alleged deficiencies in trial counsel's assistance, if any, would not have changed the result of the trial. *People v. Davis*, 759 P.2d 742 (Colo.App.1988). Thus, the trial court correctly denied the Crim.P. 35(c) motion.

### III.

Defendant argues that he is entitled to be resentenced pursuant to amendatory sentencing legislation. We disagree.

 Colorado changed the range for aggravated sentences for crimes committed on or after July 1, 1988. *See* Colo.Sess. Laws 199 Ch. 116, § 18–1–105(9)(a) at 681. The burglary at issue here was committed on September 3, 1986. Defendant was tried and found guilty on July 24, 1987 and sentenced on June 15, 1987.

 Typically, such an amendatory sentencing statute is only applied prospectively. *People v. Macias*, 631 P.2d 584 (Colo. 1981). We must discern and follow the legislative intent in passing § 18–1–105(9)(a) C.R.S. (1988 Cum.Supp.). *People v. Macias, supra.* We conclude the General Assembly intended the changes in sentencing under § 18–1–105(9)(a) C.R.S. (1988 Cum.Supp.) to apply to acts committed after July 1, 1988, and is therefore inapplicable here.

We thus conclude that since the General Assembly did not intend for this amendatory legislation to apply to circumstances where, as here, the crime, verdict, and sentence all occurred before July 1, 1988, that defendant is not entitled to be resentenced.

We also determine that defendant's other arguments are without merit.

The judgment of conviction and the order denying the motion for post-conviction relief are affirmed.

JONES and RULAND, JJ., concur.