The **PEOPLE** of the State of
Colorado, Petitioner,

v.

**Richard Eric JOHNSON, Respondent.**

No. 95SC213.

Supreme Court of Colorado,
En Banc.

Nov. 14, 1995.

enter the separate residence of the other spouse so as to create a defense to charges of second degree burglary and first degree criminal trespass.

The trial court granted the defendant's motion to dismiss the charges of burglary and criminal trespass, noting that the defendant and the victim were still married at the time of the alleged criminal conduct and that there were no restraining orders which prohibited the defendant from being on the premises. The trial court concluded that the defendant's conduct was not an unlawful entry into the victim's apartment.

We reverse the trial court's order and remand with directions to reinstate the charges of burglary and criminal trespass against the defendant. We hold that, even in the absence of a restraining order, an estranged spouse is not privileged or licensed to enter the separate residence of the other spouse so as to create a defense to charges of second degree burglary and first degree criminal trespass.

## I.

The defendant, Richard Eric Johnson (Mr. Johnson), and the victim, Tina Johnson (Ms. Johnson), were married on March 7, 1992. On July 21, 1993, Ms. Johnson leased a separate residence after her separation from Mr. Johnson. Mr. Johnson never shared the leased apartment with Ms. Johnson and was not a party to the lease. Ms. Johnson filed a petition for dissolution of marriage on November 12, 1993. Due to Mr. Johnson's absence from Colorado, personal service on him was unsuccessful. Thus, service was ultimately made on Mr. Johnson by publication. Ms. Johnson did not obtain a restraining order to exclude Mr. Johnson from her new residence.

On March 18, 1994, Mr. Johnson entered Ms. Johnson's home on two occasions. On the first occasion, Mr. Johnson went to Ms. Johnson's residence and, shouting obscenities, entered into an altercation with Ms. Johnson's friend who was on the premises. Later that same day, Mr. Johnson returned to Ms. Johnson's residence and kicked in the door of her apartment. At the time of these

Michael C. Stern, District Attorney, Seventh Judicial District, Wyatt B. Angelo, Assistant District Attorney, Delta, for Petitioner.

Clay, Dodson & Sanford, P.C., Michael R. Dodson, Delta, for Respondent.

Chief Justice VOLLACK delivered the Opinion of the Court.

Pursuant to C.A.R. 50, we granted certiorari in *People v. Johnson*, No. 94CR99 (Dist. Ct. Dec. 12, 1994), a case pending in the court of appeals. The issue before us is whether, absent a restraining order, an estranged spouse is privileged or licensed to

incidents, Mr. Johnson and Ms. Johnson were separated but still legally married. On March 29, 1994, final orders were entered in their dissolution of marriage action. At no time in the dissolution action did Mr. Johnson claim any interest in Ms. Johnson's separate leasehold.

Mr. Johnson was originally charged with three counts of second degree burglary of a dwelling, pursuant to section 18–4–203, 8B C.R.S. (1986), and two counts of first degree criminal trespass, pursuant to section 18–4–502, 8B C.R.S. (1995 Supp.). The complaint was subsequently amended to add an additional count of second degree burglary. The Delta County Court held a preliminary hearing at which all charges, except two counts of burglary, were bound over for trial. Each of the remaining charges included an allegation that Mr. Johnson unlawfully, feloniously, and knowingly broke an entrance into, and entered and remained unlawfully in, the dwelling of Ms. Johnson.

Mr. Johnson filed a motion to dismiss on all counts. The trial court granted the motion to dismiss, finding that Mr. Johnson could not have committed a burglary or a trespass because his entry into Ms. Johnson's residence was not unlawful while the two were still married. The prosecution filed a motion for reconsideration, which the trial court denied. The prosecution then filed a notice of appeal to the court of appeals and a petition to this court for certiorari pursuant to C.A.R. 50.[1]

## II.

■ The defendant argues that he was licensed to enter Ms. Johnson's residence because the two were still married at the time of the incident at issue. The People counter that, even if Mr. Johnson had a right to division of Ms. Johnson's lease as marital property, he was still unlicensed to enter Ms. Johnson's separate residence because he had no possessory rights to the property. We agree with the People that Mr. Johnson was not licensed or privileged to enter Ms. Johnson's residence absent a possessory right to the apartment.

Pursuant to section 18–4–203, 8B C.R.S. (1986), and section 18–4–502, 8B C.R.S. (1995 Supp.), both the crimes of second degree burglary and first degree criminal trespass require the prosecution to prove that the defendant's entry was "unlawful." Section 18–4–201, 8B C.R.S. (1986), provides:

A person "unlawfully enters or remains" in or upon premises when he is not licensed, invited, or otherwise privileged to do so.

Because it is undisputed that the defendant was not invited onto the premises, we must determine whether he was licensed or privileged to enter the separate residence of his estranged wife.

Mr. Johnson claims that, absent a restraining order, he was licensed or privileged to enter his estranged wife's separate residence because the residence was marital property. Section 14–10–113(3), 6B C.R.S. (1987), which provides for disposition of property in a marriage dissolution, states in pertinent part:

All property acquired by either spouse subsequent to the marriage and prior to the decree of legal separation is presumed to be marital property, regardless of whether title is held individually or by the spouses in some form of co[-]ownership. . . .

According to this statute, the lease obtained by Ms. Johnson is arguably marital property because she acquired it subsequent to the marriage but prior to a legal separation. Assuming that the lease is marital property, the defendant may have had some right to assert an economic interest in the lease when the Johnsons' property was divided in their dissolution of marriage action.

■ The fact that the defendant may arguably have had some divided ownership interest in Ms. Johnson's lease does not mean that he could not be charged with trespass and burglary on that property. In Colorado, first degree criminal trespass is an unlawful entry into the dwelling of another. *See* § 18–4–502. A dwelling is defined as "a building which is used, intended to be used,

---

or usually used by a person for habitation." § 18–1–901, 8B C.R.S. (1986). Hence, trespass is an invasion of one's interest in habitation or possession of a building, rather than an invasion of one's ownership interest in a building.

■ Similarly, in determining whether the crime of burglary has been committed, the focus is upon the possessory rights of the parties, and not their ownership rights. *People v. Barefield,* 804 P.2d 1342, 1345 (Colo. App.1990), *cert. denied,* No. 90SC696 (Colo. Jan. 28, 1991); *see also Sloan v. People,* 65 Colo. 456, 176 P. 481 (1918); *Howard v. People,* 62 Colo. 131, 160 P. 1060 (1916). Consequently, Mr. Johnson's purported ownership interest in Ms. Johnson's lease does not equate with a possessory interest that shields him from charges of trespass and burglary.

The issue of whether the entry of an estranged spouse upon the property of the other spouse constitutes an "unlawful entry" supporting charges of trespass and burglary is an issue of first impression in Colorado. The majority of other jurisdictions which have addressed this issue have found that the uninvited entry of an estranged spouse into the residence of the other spouse constitutes an "unlawful entry." *See, e.g., White v. State,* 587 So.2d 1218 (Ala.Crim.App.1990) (holding that one spouse may be convicted of burglarizing separate residence of estranged spouse), *cert. denied,* 502 U.S. 1076, 112 S.Ct. 979, 117 L.Ed.2d 142 (1992); *Cladd v. State,* 398 So.2d 442 (Fla.1981) (finding that a husband can be guilty of burglary if he makes a nonconsensual entry into premises which are in the sole possession of his wife); *State v. Dively,* 431 N.E.2d 540, 543 (Ind.Ct.App. 1982) (holding that mere conjugal status does not preclude a spouse as a matter of law from committing burglary against the separate property of his spouse); *Matthews v. Commonwealth,* 709 S.W.2d 414, 420 (Ky. 1985) (holding that burglary is an invasion of a possessory property right of another and extends to spouses), *cert. denied,* 479 U.S. 871, 107 S.Ct. 245, 93 L.Ed.2d 170 (1986); *State v. Woods,* 526 So.2d 443, 445 (La.Ct. App. 4th Cir.1988) (finding a husband guilty of burglarizing his estranged wife's separate

apartment); *Parham v. State,* 79 Md.App. 152, 556 A.2d 280, 284–85 (1989) (holding that the marital relationship does not preclude a conviction for burglary); *State v. Cox,* 73 N.C.App. 432, 326 S.E.2d 100 (rejecting defendant's argument that the marital relationship created in defendant a property interest in his wife's residence which shielded him from charges of burglary), *review denied,* 313 N.C. 605, 330 S.E.2d 612 (1985); *Davis v. State,* 799 S.W.2d 398 (Tex.Ct.App.1990) (holding that, even in the absence of a restraining order and even where the husband did not know that his wife had filed for divorce, the husband could be found guilty of trespass on his wife's separate apartment); *Knox v. Commonwealth,* 225 Va. 504, 304 S.E.2d 4, 6 (1983) (holding that when a wife is living apart from her husband in her own dwelling, a husband who breaks and enters his wife's dwelling is guilty of burglary); *State v. Schneider,* 36 Wash.App. 237, 673 P.2d 200 (1983) (affirming a wife's conviction for burglarizing property which she jointly owned with her estranged husband).

The facts in *Cladd,* 398 So.2d at 443, are particularly similar to those in the instant case. The defendant Cladd and his wife had been separated for approximately six months, although there was no formal separation agreement or restraining order. Cladd's wife had obtained a separate apartment, to which Cladd had no possessory interest and in which he had never lived. Cladd broke through the locked door of his wife's apartment and was subsequently charged with burglary. The *Cladd* court rejected the defendant's contention that the marriage relationship precluded the state from establishing a nonconsensual entry requisite to the crime of burglary. *Id.* at 444.

■ A majority of courts agree that the mere existence of the marriage relationship does not put a spouse's separate property beyond the protection of the law and subject to the depredation of the other spouse. *Dively,* 431 N.E.2d at 543. The law of burglary was designed to protect the dweller and hence the controlling question is occupancy rather than ownership. *Schneider,* 673 P.2d at 203. The fact that the property burglarized was in community ownership

does not by law preclude a burglary conviction of one of the owners. *Id.* at 204.

Ohio is the only jurisdiction which has reached a different result. The Ohio courts follow Ohio's statute which provides that neither a husband nor wife may be excluded from the other's dwelling, even when the parties are living separate and apart, unless a court order is obtained.[2] *See State v. Middleton,* 85 Ohio App.3d 403, 619 N.E.2d 1113 (1993); *State v. Herder,* 65 Ohio App.2d 70, 415 N.E.2d 1000 (1979). The Ohio statute grants a privilege of entry by spouses into the dwelling of the other spouse absent a restraining order. Absent a similar Colorado statute granting a privilege, there is no comparable support for the trial court's finding that Mr. Johnson had a privilege of entry. It should also be noted that, even under the Ohio statute, a spouse "may not use violence to enforce his possessory interest. In other words, one spouse may not use violence to enter the abode of the other." *State v. Winbush,* 44 Ohio App.2d 256, 337 N.E.2d 639, 641 (1975).

In the instant case, there is no evidence that Mr. Johnson had any right to possession of the leased property. Ms. Johnson obtained the apartment in her own name and then filed for a divorce. Mr. Johnson never lived at the apartment and did not sign the lease as a renter or occupant of the property. Ms. Johnson clearly did not want her estranged husband to have any right of entry into her apartment. At best, Mr. Johnson arguably had a right to division of Ms. Johnson's lease as marital property pursuant to section 14–10–113, 6B C.R.S. (1987). This does not, however, give Mr. Johnson a possessory right or a license or privilege to make an unauthorized entry into Ms. Johnson's separate residence. Additionally, Mr. Johnson used violence when he kicked down the door of his estranged wife's apartment.

This method of entry is inconsistent with any kind of permissive entry. *Schneider,* 673 P.2d at 204.

### III.

We hold that Mr. Johnson's uninvited entry into Ms. Johnson's separate residence was unlawful, even in the absence of a restraining order to that effect. We therefore reverse the trial court's order dismissing the charges of burglary and criminal trespass and remand with directions to reinstate these charges.

SCOTT, J., concurs and specially concurs.

Justice SCOTT concurring and specially concurring:

I join the majority in its opinion and its judgment. I, too, agree that "even in the absence of a restraining order, an estranged spouse is not privileged or licensed to enter the separate residence of the other spouse so as to create a defense to charges of second degree burglary and first degree criminal trespass." Maj. op. at 123. I write separately, however, to make clear my view that an estranged spouse who is not licensed, invited, or otherwise privileged to enter the premises occupied by the other spouse effects an "unlawful entry" under our criminal code. § 18–4–201(3), 8B C.R.S. (1986); *People v. McNeese,* 892 P.2d 304, 315 (Colo.1995) (Rovira, C.J., concurring in the result and dissenting to Part IV); *id.,* 892 P.2d at 323–25 (Scott, J., dissenting).

---

**2.** Ohio Rev.Code Ann. § 3103.04 (Anderson 1989) provides: "Neither [husband nor wife] can be excluded from the other's dwelling except upon a decree or order of injunction made by a court of competent jurisdiction."