The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

David J. HOLLENBECK, Defendant–Appellant.

No. 94CA1744.

Colorado Court of Appeals, Div. V.

Oct. 10, 1996.

Rehearing Denied Dec. 12, 1996.

Certiorari Denied Oct. 20, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Paul Koehler, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David Vela, State Public Defender, Karen N. Taylor, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, David Hollenbeck, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of second degree burglary, false imprisonment, third degree assault, and child abuse. We affirm.

In January 1991, defendant and his wife separated and she informed him that she was going to file for divorce, that she had changed the locks on their home, and that he was no longer welcome in the home.

On February 14, 1991, defendant purchased a canister of tear gas, broke into the back door of the home by breaking the lock from its moorings, cut the bedroom telephone line, booby-trapped a handgun so that it would explode if fired, and hid all the kitchen knives. When his wife and her grandson arrived at the home, he sprayed her with the tear gas and threatened to kill the child if she did not talk with him. His wife and grandson escaped and an armed six-hour standoff with the police ensued.

Initially, we note that defendant challenges only the second degree burglary conviction, and the other convictions therefore stand affirmed.

## I.

Defendant argues the trial court erred in denying his motion for judgment of acquittal when it relied upon dissolution of marriage standards for division of property contained in § 14–10–113, C.R.S. (1987 Repl. Vol. 6B) to determine whether he had a right to enter the wife's home. He also contends that the trial court erred in denying his motion because the prosecution failed to present sufficient evidence to show that he did not have a possessory interest in the home in which he had lived with his spouse. However, even if we assume the trial court erred in considering the dissolution of marriage standards for division of property, we conclude that the trial court properly determined that whether defendant had a possessory interest in the home was an issue for jury resolution.

In determining whether the crime of burglary has been committed, the focus is upon the possessory rights of the parties,

and not their ownership rights. The law of burglary was designed to protect the dweller, and hence, the controlling question is occupancy rather than ownership. *People v. Johnson*, 906 P.2d 122 (Colo.1995).

Under § 18–4–203(1), C.R.S. (1986 Repl. Vol. 8B), a person commits second degree burglary if he or she knowingly breaks an entrance into, enters, or remains unlawfully in a building or occupied structure with the intent to commit a crime therein.

Section 18–4–201(3), C.R.S. (1986 Repl.Vol. 8B) provides that: "A person 'unlawfully enters or remains' in or upon premises when he is not licensed, invited, or otherwise privileged to do so." *See also People v. McNeese*, 892 P.2d 304 (Colo.1995) (interpreting "unlawful entry" in context of "make-my-day" statute).

The issue of sufficiency of the evidence involves a question of law. *People v. Gonzales*, 666 P.2d 123 (Colo.1983). When ruling on a motion for judgment of acquittal, the court must determine whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable person that the defendant is guilty of the charge beyond a reasonable doubt. *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973). The prosecution is given the benefit of every reasonable inference which might fairly be drawn from the evidence as long as there is a logical and convincing connection between the facts established and the conclusion inferred. *People v. Gonzales, supra.*

In *People v. Johnson, supra*, the supreme court held that an estranged spouse is not privileged or licensed to enter a residence which was leased by the other spouse after the couple's separation and initiation of divorce proceedings, and never shared by the couple. The issue whether an estranged spouse has a license or privilege to enter a home in which both spouses had once lived together as husband and wife, however, is an issue of first impression in Colorado.

Virtually all other courts addressing the issue have held that the marital relationship does not preclude the burglary conviction of an estranged spouse where the dwelling house broken into was once shared with the other spouse. *See White v. State*, 587 So.2d 1218 (Ala.Cr.App.1990) (where spouses are living separate and apart, and have communicated to each other intent to do so, one spouse does not have right to enter the other's separate dwelling without consent; conviction for burglary of marital residence upheld); *Parham v. State*, 79 Md.App. 152, 556 A.2d 280 (1989) (conviction for burglary of previously shared home upheld even though property settlement had not yet disposed of property and defendant still had clothes in residence). *See also People v. Johnson, supra* (collecting cases).

We hold that, in the absence of a restraining order or an order granting one party exclusive possession of the marital residence, the question whether one spouse has the sole possessory interest in it depends on whether the evidence shows that both parties had decided to live separately. Simply ordering a spouse out of the house and changing the locks does not establish this. Both parties must have understood that the possessory interest of one was being relinquished, even if such interest is relinquished begrudgingly or reluctantly. *See State v. O'Neal*, 103 Ohio App.3d 151, 658 N.E.2d 1102 (1995). *See also Commonwealth v. Robbins*, 422 Mass. 305, 662 N.E.2d 213 (1996) (factors that bear on an estranged spouse's right to enter a one-time marital residence include the marital status of the parties, the existence of any legal order against the defendant, extended periods of separation, the names on leases or documents of title, the acknowledgment by the defendant that he or she had no right to enter the premises, and the method of entry).

Here, the evidence presented by the prosecution revealed the following: Defendant's wife testified that approximately two and one-half months before the burglary they had had an argument and separated and she had told him that she wanted a divorce and that he was no longer welcome in the home. Accordingly, he left and took many of his personal belongings, including most of his clothes. She later informed defendant that

she had seen an attorney in regard to filing a divorce and that she had changed the locks on the home.

A neighbor testified that although defendant was aware that the neighbor had had keys to the Hollenbeck home for seven years, he did not ask her for the keys to gain entry on the date of the burglary.

Viewing this evidence as a whole and in the light most favorable to the prosecution, we conclude that there was sufficient evidence presented to establish that defendant had relinquished his possessory interests in the home and that he and his wife had decided to live apart. Therefore, the trial court did not err in denying defendant's motion for acquittal on the burglary charge.

## II.

■ Defendant further contends that although his counsel did not object to the trial court's instructions on burglary, the trial court's failure to include the term "unlawful entry" in the jury instruction on second degree burglary was plain error. We are not persuaded.

■ Where the defendant does not object to the instructions as given, our review is limited to whether the erroneous instruction constituted plain error. *People v. Cowden*, 735 P.2d 199 (Colo.1987). Failure to instruct the jury properly with respect to an essential element of the crimes charged constitutes plain error. *People v. Mattas*, 645 P.2d 254 (Colo.1982). The standard for plain error review is whether an appellate court, after reviewing the entire record, can say with fair assurance that the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *Wilson v. People*, 743 P.2d 415 (Colo.1987).

Section 18-4-203(1), C.R.S. (1986 Repl.Vol. 8B), provides that: "A person commits second degree burglary, if he knowingly breaks an entrance into, or enters, or remains unlawfully in a building or occupied structure with intent to commit therein a crime against a person or property."

Here, the jury was given an instruction on the elements of second degree burglary that tracked § 18-4-203(1). It stated, in pertinent part, that the prosecution had to prove that the defendant:

> knowingly broke an entrance into or entered or remained unlawfully in a dwelling, with the intent to commit therein the crimes of Assault in the Third Degree and False Imprisonment....

In a separate instruction, consistent with § 18-4-201(3), C.R.S. (1986 Repl.Vol. 8B), the jury was also instructed that the phrase: " '[U]nlawfully enters or remains' means a person who enters or remains in or upon premises when he is not licensed, invited, or otherwise privileged to do so." The jury was also instructed that it had to consider all the instructions as a whole.

Defendant argues that the instructions allowed the jury to find him guilty if it found only that he knowingly broke an entrance or entered his wife's trailer. He maintains that the jury should have been instructed that to be guilty of the charged offense he had to "unlawfully break an entrance into or unlawfully enter" the mobile home. We disagree.

■ Even if the instructions could have been worded more clearly, *see COLJI–Crim.* No. 14:03 (1993 Supp.), reversal is not required here. The jury was instructed using the exact language of the applicable statutory sections. An elemental instruction in the language of the statute is usually sufficient to advise the jury of the nature of the offense. *People v. Wilson*, 791 P.2d 1247 (Colo.App. 1990).

The record does not demonstrate an error which so undermined the fundamental fairness of defendant's trial as to cast serious doubt on the reliability of the judgment of conviction. *Wilson v. People, supra.* Hence, reversal is not warranted here.

Judgment affirmed.

MARQUEZ and RULAND, JJ., concur.