**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Anthony SMITH, Defendant–Appellant.**

**No. 95CA0512.**

Colorado Court of Appeals, Div. V.

Nov. 7, 1996.

As Modified on Denial of Rehearing Dec. 19, 1996.

Certiorari Denied Sept. 2, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney Gen-

eral, Timothy M. Tymkovich, Solicitor General, Deborah Isenberg Pratt, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge RULAND.

Defendant, Anthony Smith, appeals the judgment of conviction entered on a jury verdict finding him guilty of second degree burglary and misdemeanor menacing. Defendant also appeals the eight-year sentence imposed on the burglary conviction. We affirm.

On August 3, 1993, defendant's wife obtained a restraining order from the juvenile court that prohibited defendant from having any contact with her or their minor children. The order also restrained him from being at or near the residence owned by defendant in which the couple and their minor children resided.

According to the prosecution's evidence, at some point following his release from incarceration in connection with another domestic incident, defendant appeared at the front door of the residence. His wife yelled from inside the residence on two occasions that she had a restraining order and that he was not allowed to be there. She placed a chair under a doorknob to prevent defendant from entering through the front door.

Defendant did not make any inquiry of his wife concerning the restraining order. Instead, defendant's wife testified that she saw him walk towards the back of the residence and that, immediately thereafter, the electricity was disconnected.

A neighbor called the police after she saw defendant stand on an air conditioning unit, climb up onto a balcony, and enter the residence through a door. Defendant's wife testified that once defendant was inside, he grabbed her, threw her on the floor, threatened to kill her, and forced her upstairs. When the police arrived, defendant begged his wife not to tell them that he was there. The police later found defendant hiding in the bathtub.

In addition to the charges of second degree burglary and felony menacing, defendant was charged with violation of a restraining order. The trial court granted defendant's motion for acquittal on this charge. The jury found defendant guilty of second degree burglary and misdemeanor menacing. Defendant was sentenced to a term of eight years in prison for the burglary conviction with a concurrent six-month sentence for the menacing conviction.

I

■ Defendant contends that his conviction for second degree burglary cannot stand because the evidence was insufficient to establish that he had the requisite prior knowledge of the restraining order. Specifically, he argues that the victim's testimony of her verbal warning was insufficient as a matter of law to constitute notice. According to defendant, this is because he did not see a copy and thus did not know the contents and duration of the order, the area the order covered, and he did not know whether his wife was being truthful. We are not persuaded.

We recognize that conviction for the misdemeanor offense of violating a restraining order requires that a defendant must have been personally served with the order or have acquired actual notice of its contents from the court. Section 18–6–803.5, C.R.S. (1996 Cum.Supp.). However, the notice requirement in § 18–6–803.5 is not included as an element in the second degree burglary offense defined in § 18–4–203, C.R.S. (1986 Repl.Vol. 8A).

■ Instead, as pertinent here, one commits second degree burglary if he knowingly and unlawfully enters or remains in an occupied structure with the intent to commit a crime against person or property. *See People v. Hollenbeck*, —— P.2d —— (Colo.App. No. 94CA1744, October 10, 1996) (1996 WL 580425). Further, a person " 'unlawfully enters or remains' " in an occupied structure when he is not licensed, invited or otherwise privileged to do so." Section 18–4–201(3), C.R.S. (1986 Repl.Vol. 8A).

Here, it is undisputed that defendant was not licensed or privileged to enter the residence because of the restraining order. *See People v. Allen,* 868 P.2d 379 (Colo.1994) (*Allen III* ) (distinguishing the requirements for conviction of burglary and trespass from the requirements for a finding of contempt based upon violation of restraining order); *see also People v. Allen,* —— P.2d —— (Colo. App. Nos. 90CA1007 & 90CA1263, November 7, 1996) (1996 WL 640713) (*Allen IV* ) (a restraining order nullifies a defendant's license to enter a residence in which he has a property interest). And, contrary to defendant's contention, we conclude that evidence that defendant was verbally informed about the restraining order prior to his entry was sufficient to establish his knowledge that he was not licensed or privileged to enter.

The focus in resolving this issue is whether the victim had the possessory rights to the premises, and defendant was advised that his wife and their children held those rights prior to his entry. *See People v. Johnson,* 906 P.2d 122, 125 (Colo.1995) ("The law of burglary was designed to protect the dweller and hence the controlling question is occupancy rather than ownership."). Further, absent circumstances not present here, we perceive no basis for limiting the dweller's right to occupancy of the structure to those cases in which the intruder is informed in writing that his former possessory rights are no longer in effect.

Nevertheless, defendant argues in effect that it is against public policy to convict him of felony burglary on less evidence than that required for a misdemeanor restraining order violation. We disagree.

As pertinent here, the crime of violation of a restraining order requires only an entry into the restricted premises. Section 18–6–803.5. Second degree burglary, on the other hand, requires an unlawful entry with the additional element of an intent to commit a crime against a person or property. Section 18–4–203. The intent to commit a crime establishes the basis for the more serious felony classification of burglary. *See Allen III, supra.* Therefore, we perceive no basis for holding that public policy is violated by requiring less in the way of notice for second degree burglary than for misdemeanor violation of a restraining order. *See People v. Mozee,* 723 P.2d 117 (Colo.1986)(General Assembly may establish more severe penalties for acts it believes have graver consequences).

Under these circumstances, we view the issues whether defendant knowingly entered and unlawfully remained in the residence in this case as factual questions for the jury. *See People v. Prante,* 177 Colo. 243, 493 P.2d 1083 (1972)(whether defendant in fact knew another to be a peace officer is a factual issue for resolution by the jury). And, to determine whether the evidence was sufficient to support defendant's conviction, we must view all evidence, direct and circumstantial, together with all reasonable inferences from that evidence in the light most favorable to the prosecution. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

Under this standard, we are satisfied that the evidence of the verbal warning to defendant, combined with defendant's mode of entry and efforts to avoid detection by the police, was sufficient to support a finding, beyond a reasonable doubt, that defendant knowingly entered and unlawfully remained in the residence with the intent to commit a crime.

## II

Defendant further contends that the trial court erred in instructing the jury regarding the definition of "unlawfully enters." We disagree.

The trial court provided the jury with an instruction that defined "unlawfully enters" using the language of § 18–4–201(3), C.R.S. (1986 Repl.Vol. 8B) as follows:

' Unlawfully Enters or Remains' means a person who enters or remains in or upon premises when he is not licensed, invited, or otherwise privileged to do so.

In addition, the trial court included in the instruction the phrase, "if the defendant knew about the restraining order at the time he entered the premises, he was not 'otherwise privileged' to enter."

Contrary to defendant's contention, this is a correct statement of the law because entry into a dwelling in violation of a restraining order is necessarily an unlawful entry. *See Allen IV, supra; see also People v. McNeese,* 892 P.2d 304 (Colo.1995) (Rovira, C.J., dissenting). Thus, this instruction adequately informed the jury of the law and properly focused the jury's attention on the critical factual issue in the case. *See People v. Burke,* 937 P.2d 886 (Colo.App. 1996)(trial court has discretion to determine whether supplemental instruction explaining unlawful entry should be given).

## III

Defendant contends that the eight-year sentence was excessive and an abuse of discretion because this was his first felony conviction, the victim was not seriously injured, and he was convicted of burglarizing his own home. Again, we are not persuaded.

Sentencing is by its very nature a discretionary function, and the trial court is accorded wide latitude in its sentencing decisions. *People v. Fuller,* 791 P.2d 702 (Colo.1990). Only in exceptional circumstances will an appellate court substitute its judgment for that of the trial court. *People v. Vigil,* 718 P.2d 496 (Colo.1986).

In exercising its sentencing discretion, a trial court must consider the nature of the offense, the character and rehabilitative potential of the offender, the deterrence of crime, and the protection of the public. *People v. Fuller, supra.*

Here, the trial court sentenced defendant to eight years, the midpoint of the presumptive range for the class 3 felony of second degree burglary. Sections 18–4–203(2)(a), C.R.S. (1986 Repl.Vol. 8B); 18–1–105(1)(a)(V)(A), C.R.S. (1996 Cum.Supp.).

Defendant had previous convictions for domestic violence and had not complied with a lenient probationary sentence. The trial court noted that defendant had demonstrated an escalating pattern of perpetrating violence on his family based upon his numerous arrests and repeat offenses after release from incarceration. Further, the court noted that defendant refused to take personal responsibility for his violent acts and continued to blame the victim for the incidents.

Under these circumstances, we conclude that the trial court considered the appropriate statutory factors, and that the record justifies the sentence imposed. Therefore, the trial court did not abuse its discretion.

The judgment and sentence are affirmed.

MARQUEZ and TAUBMAN, JJ., concur.