THE STATE OF OHIO, APPELLEE, *v.* HERDER, APPELLANT.

[Cite as State v. Herder (1979), 65 Ohio App. 2d 70.]

(No. 78AP-734—Decided June 26, 1979.)

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Ronald J. O'Brien,* city prosecutor, and *Mr. David E. Tingley,* for appellee.

*Messrs. Britt, Graf, Campbell & Nagel* and *Mr. Tom H. Nagel,* for appellant.

WHITESIDE, J. Defendant-appellant, Fritz Herder, appeals from his conviction of trespass in the Franklin County

Municipal Court and raises three assignments of error, as follows:

1. "The court below erred in overruling the defense motions for acquittal."

2. "The court below erred in charging the jury that Shirley Herder was the only person who could give permission to enter the premises in question."

3. "The trial court's charge to the jury was inadequate and prejudicial to the defendant in view of the issues raised by the evidence at trial."

This action arises from an incident involving defendant and his former wife. Apparently, the divorce action between them was tried on April 11, 1978, at which time a decision was rendered granting the divorce and making certain divisions of property. However, that decision did not become effective as a judgment until August 16, 1978, when the decree of divorce was filed with the clerk.

The incident in question arose during this interim at a time when defendant and his former wife were still married, on June 21, 1978. The incident involved defendant's entering the home jointly owned by him and his then wife but occupied as a residence only by his then wife. Both defendant and his former wife agree that the purpose of defendant's entry was to obtain a television set which belonged to him. They differ both as to the manner of entry and what occurred after entry.

The former wife testified that she heard defendant enter the house through a window. This was verified by testimony of two neighbors who observed defendant from some distance away. Defendant testified that he was preparing the house for painting at the time. In the process of scraping paint, he removed a screen from the window and opened the window but did not enter through it. Rather, he testified that he entered through the door which was opened for him to enter by his daughter. Defendant's former wife verified that defendant was preparing to paint and was scraping at or about the time in question.

The neighbors testified that they saw defendant knock at the door, and defendant's former wife testified that their seven-year-old daughter told her that defendant was pounding on the windows and doors and wanted to come in. The former wife testified that she then heard defendant in the house and

called the police immediately before going downstairs. She stated that she told defendant that he had no right to be there; that he pushed her out of the way and started towards the stairway, stating that he was going to get his television; that she went over beside and ahead of him on the first step and told him he could not go upstairs; that he pushed her around, and they scuffled for approximately five minutes; and that then the police whom she had called came. No arrest was made at the time.

The next day, defendant's then wife filed complaints charging defendant with trespass and assault. A jury trial ensued, resulting in an acquittal upon the charge of assault and a conviction upon the charge of trespass. The trial court imposed the maximum possible sentence but suspended 25 days (all but 5) of the imprisonment, and this appeal ensued.

The assignments of error are somewhat interrelated and will be discussed together, defendant's contentions being that there was no evidence permitting a conviction for trespass and that, even if there be, the court's charge was erroneous.

Defendant was charged and convicted with a violation of R. C. 2911.21(A)(1), which provides that:

"(A) No person, without privilege to do so, shall do any of the following:

"(1) Knowingly enter or remain on the land or premises of another[.]"

Although there are three other subdivisions (R. C. 2911.21[A][2], [3] and [4]) setting forth different circumstances which may constitute trespass, defendant was charged only with this violation. He was not charged, which the evidence might have presented, with a violation of R. C. 2911.21(A)(4) of negligently failing or refusing to leave the premises of another upon being notified to do so by the occupant. Likewise, he was not charged with trespass with respect to a subsequent event where the same neighbors testified that they saw defendant attempting to open the garage door.

The trial court correctly charged the jury with respect to the definitions of knowingly, privileged, and land or premises. It also correctly charged the jury that: "In order to find the defendant guilty beyond a reasonable doubt, you must find that the defendant did knowingly enter upon the property of

another without privilege to do so." However, the trial court further charged the jury that:

"There has been some question here about the fact that this property was in the joint names of the parties. The issue in this case is trespass upon the property of another. And the Court would charge you that in the judgment entry decree of divorce as filed in the Common Pleas Court of Franklin County, Division of Domestic Relations, that said decree gave to Mrs. Herder the exclusive right to reside in said real estate. And that will go with you into the jury room. And so—Insofar as having the exclusive right to reside in said real estate, Mrs. Herder was the only person who could give permission, approval or right of anyone else, including her former husband, to enter upon the land or premises."

Such instruction under the evidence adduced was tantamount to an instruction for the jury to return a verdict of guilty as to trespass. By their finding defendant not guilty of assault, the jury did not accept the testimony of the defendant's former wife as to what had occurred inside the house. Had they accepted her testimony, of necessity, they would have found defendant guilty of assault. On the other hand, it would not necessarily be inconsistent for the jury to have accepted her testimony and that of the neighbors with respect to defendant's manner of entry. However, under the instruction as given by the trial court, the jury would have no choice but to return a verdict of guilty on the trespass charge, even if they completely accepted and believed defendant's version of what had occurred.

The trial court instructed the jury that defendant had no right to enter the house unless expressly given permission to do so by his then wife. He testified that his daughter opened the door for him, and he entered. Under the trial court's instruction, defendant would have been guilty of trespass if this had occurred.

Defendant's counsel entered a specific objection to this portion of the charge. The trial court failed to make any correction. Subsequently, during deliberations, the jury asked a question: "Was the divorce decree given in August or when filed?" The trial court answered the jury's question by the somewhat ambiguous answer: "The decree of a court becomes final when it is filed with the court."

This answer did not clarify or rectify any error that the trial court may have committed in giving its original charge. By the question itself, there is indicated a confusion on the part of the jury as to what constitutes filing, inasmuch as there was no question but that the "filing" took place in August; but the jury differentiated between August and the filing. The only import the jury probably received from the trial court's answer was that the decree was not given in August but at some other time, which presumably would be April, when the decision was rendered. Of course, the only correct answer is that any order of a court becomes effective only when reduced to writing, signed by the judge, and filed with the clerk for journalization. There was no reason in this case for any ambiguous statement being given by the trial court. The facts were clear and unequivocal, and the entry was filed in August.

Regardless of the reason, there was no divorce decree, and the decree could have no effect until August. It was not in effect in June; and the trial court erred in charging the jury upon the decree and the effect thereof, since no decree was in existence at the time of the alleged offense. The state now refers to a prior order of the Court of Common Pleas, division of domestic relations, that defendant vacate the premises. This, however, would not necessarily give exclusive possessory interest to defendant's former wife, and in any event, was not in evidence in this case.

To charge, as the trial court did, that only defendant's then wife could give anyone permission to enter the residence was prejudicially erroneous. If, as defendant testified, he knocked on the door and his daughter opened the door and he stepped in, the "permission" from his daughter could be sufficient to allow him to enter the premises without violating R. C. 2911.21(A)(1). Under the trial court's instruction, however, as indicated above, the jury was required to find the defendant guilty of trespass, even if it believed his testimony that he entered when his daughter opened the door. For this reason, the second and third assignments of error are well taken.

Under present law, it is possible for a person to commit a trespass with respect to property of which he is the owner or part owner. Trespass is an invasion of the possessory interest of property, not an invasion of title. R. C. 2911.21(E) specifically defines premises to include not only buildings or

other places but also any separate enclosure or room, or portion thereof, which is controlled by or in custody of another. The evidence in this case is undisputed that the house in question had been the residence of defendant and his wife, but that they were separated, and he was residing elsewhere at the time. His wife had changed the locks on the door, and he had no key; and she had an unlisted telephone number which she had not given him. On the other hand, it was undisputed that defendant did some maintenance work around the premises, although his then wife testified that she felt he did so to harass her since he performed these functions late at night. He contended that he did them late at night because this was when he got off work.

The evidence is such as to indicate that, as between defendant and his then wife, she, not he, was in possession or "custody" of the house and, in general, was excluding defendant therefrom.

Under the law of Ohio, neither a husband nor a wife may be excluded from the other's dwelling, even when the parties are living separate and apart, unless a court order is obtained. R. C. 3103.04 expressly provides, as follows:

"Neither husband nor wife has any interest in the property of the other * * *. Neither can be excluded from the other's dwelling, except upon a decree or order of injunction made by a court of competent jurisdiction."

A court of competent jurisdiction means one having jurisdiction in domestic relations cases and does not include a municipal court. See *Slansky* v. *Slansky* (1973), 33 Ohio App. 2d 127.

Although the state in its brief herein indicates that the Court of Common Pleas, division of domestic relations, had issued an order that defendant vacate the premises, such order was not in evidence in this case and is not part of the record herein. Furthermore, an order to vacate is an order requiring one spouse to maintain a separate residence and is not necessarily an order excluding him from the other's dwelling, depending upon the language of the order itself. In any event, the proper means to enforce a court order of that nature is by contempt proceedings in that court and not by a criminal trespass proceeding.

In light of the clear policy expression set forth in R. C.

3103.04, one spouse cannot be criminally liable for trespass in the dwelling of the other. This does not mean that a spouse may not be liable for criminal acts other than trespass in connection with the gaining of entry to his spouse's dwelling. In this case, for example, defendant could have been found guilty of assault if the jury had accepted the testimony of defendant's former wife.

As indicated above, the divorce between the parties had not yet become effective at the time of the incident since the court's decision granting the divorce had not been made effective by the court's signing a decree and causing it to be filed with the clerk for journalization. Accordingly, defendant was still married to the prosecuting witness at the time of the incident, even though there was a divorce action pending between them and they were living separate and apart. R. C. 3103.04 makes no distinction under these circumstances; and one spouse cannot exclude the other from his dwelling, except pursuant to court order, until such time as the marital relationship ceases by dissolution or divorce, which is effected only by the entry of the decree, not by the announcement of a decision. Under these circumstances, it being apparent that the parties were still married at the time of the incident, the trial court should have sustained the motion for acquittal.

Although R. C. 3103.04 was not cited to the trial court, its attention was directed to *State* v. *Winbush* (1975), 44 Ohio App. 2d 256, which holds to the same effect, stating at page 258, without specific reference to R. C. 3103.04, that:

"***[A] husband has a possessory interest in the abode of his spouse and, therefore, may not be found guilty of simple trespass where no violence is involved because of his right to be there***."

This court held in *Winbush* that a husband could be found guilty of other offenses involving violence, such as aggravated assault, aggravated burglary, and voluntary manslaughter where, by the use of violence, he enters his spouse's dwelling armed with a shotgun for the express purpose of shooting her alleged paramour, which he accomplishes. Most importantly, however, this court in *Winbush* expressly stated that, even under those circumstances, the husband could not be found guilty of simple trespass with respect to his wife's dwelling, which is the charge herein involved. Accordingly, the trial

court should have sustained the motion for acquittal; the first assignment of error is well taken.

For the foregoing reasons, all three assignments of error are sustained, and the judgment of the Franklin County Municipal Court is reversed. This cause is remanded to that court for the entry of an appropriate judgment in accordance with law consistent with this decision.

*Judgment reversed*
*and cause remanded.*

REILLY and McCORMAC, JJ., concur.