THE STATE OF OHIO, APPELLEE, *v.*
HERRIN, APPELLANT.

(No. 10389—Decided March 17, 1982.)

*Mr. Lynn C. Slaby,* prosecuting attorney, for appellee.

*Mr. L. A. Dirker,* for appellant.

QUILLIN, J. Defendant-appellant, Willie J. Herrin, was tried before a jury and was found guilty of felonious assault, kidnapping and burglary. The trial court determined that the felonious assault merged with the kidnapping under the strictures of R.C. 2941.25(A), and it, therefore, sentenced defendant only for the kidnapping and burglary. Defendant now appeals. We affirm.

At the time defendant committed the above-mentioned crimes, he was estranged from his wife of twelve years and in the process of obtaining a divorce. Although he and his wife both owned the house, she was in control and had custody of the premises. He had been living elsewhere pending the outcome of the divorce proceeding.

On April 20, 1981, defendant armed himself with a shotgun and went to the house. His wife had changed the door locks so defendant was unable to get in. He began banging on the side door, ordering her to let him in. She ran to the front door in order to escape. Defendant then used the shotgun to blast his way into the side door. In the meantime, his wife had run to a neighboring house across the street. Defendant came out of his house, spotted his wife across the street, then pursued and captured her. Holding a gun to her and threatening to kill her, he forcibly returned her to his truck and threw her inside. He then began to drive away with her, when suddenly, she jumped out of the moving truck. She broke a leg in the fall, yet still sought help from a bystander. The bystander's efforts to intervene were thwarted, however, when defendant pulled a gun and ordered him to "stay out of it." Defendant then forced his wife back in the truck, still threatening to kill her. When his wife finally said she would cooperate and that "we can get back together," he drove her back to her house and placed her near the side door. As he returned to his truck, defendant spotted the police who were just arriving on the scene. He drove off in his truck, but was stopped and arrested a short distance away.

Assignment of Error No. 1

"The trial court erred to the prejudice of defendant-appellant in allowing the prosecution to amend the address as set-forth [*sic*] in Count 3, Burglary, from 655 East Avenue to 642 Fultz Avenue over the objection of the defendant-appellant, thereby violating his constitutional rights."

Crim. R. 7(D) provides:

"The court may at any time before, during, or after a trial amend the indictment, information, complaint or bill of particulars, in respect to any defect, im-

perfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. * * *''

The correction of the address to conform with the evidence in no way involved a change in the name or identity of the crime charged. Moreover, it is clear from the record that defendant was not misled or otherwise prejudiced when the indictment was amended to reflect the correct address.

The assignment of error is rejected.

### Assignment of Error No. 2

"The trial court erred in overruling defendant-appellant's motion for dismissal of Count 3, Burglary, of the indictment based upon the fact that defendant-appellant was the legal owner of an undivided one-half interest in the real estate and the prosecuting witness, Dorothy Herrin, his wife, of the other undivided one-half interest."

Appellant admits that there was a court order restricting him from the property except for child visitation and that he might be guilty of contempt of that order.

However, he contends that since he and his wife were equal owners of the house, he could not have been a burglar with respect to that house. We disagree. Under Ohio law an individual can trespass against property of which he is the legal owner. *State* v. *Herder* (1979), 65 Ohio App. 2d 70, 74 [19 O.O.3d 47].

R.C. 2911.12 defines burglary as:

"(A) No person, by force, stealth, or deception, shall trespass in an occupied structure as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense as defined in section 2913.01 of the Revised Code, or any felony."

And with respect to trespass, R.C. 2911.21 provides:

"(A) No person, without privilege to do so, shall do any of the following:

"(1) Knowingly enter or remain on the land or premises of another;

"(2) Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours, when the offender knows he is in violation of any such restriction or is reckless in that regard;

"(3) Recklessly enter or remain on the land or premises of another, as to which notice against unauthorized access or presence is given by actual communication to the offender, or in a manner prescribed by law, or by posting in a manner reasonably calculated to come to the attention of potential intruders, or by fencing or other enclosure manifestly designed to restrict access;

"(4) Being on the land or premises of another, negligently fail or refuse to leave upon being notified to do so by the owner or occupant, or the agent or servant of either.

"* * *

"(E) As used in this section, 'land or premises' includes any land, building, structure, or place belonging to, controlled by, or in custody of another, and any separate enclosure or room, or portion thereof."

The record in the instant case is replete with evidence that the house (*i.e.*, "land or premises") was in the custody of and controlled by defendant's wife; likewise, it was not in the custody of, or controlled by, defendant, who was living elsewhere at the time of the burglary. When defendant forcibly entered the residence without his wife's permission, he "trespassed." When he trespassed for the purpose of committing a felony therein, he committed, at the least, a burglary.

Appellant's second assignment of error is rejected.

### Assignment of Error No. 3

"The finding of guilty by the jury as

to Count 2, kidnapping, of the indictment was against the manifest weight of the evidence."

With respect to the charge of kidnapping, the testimony was in dispute. Defendant states that he merely wanted to talk with his wife, that he did not intend to, nor in fact did he, kidnap her. Other witnesses, however, including defendant's wife, testified to events which, if believed, established kidnapping. Thus, there was a question of fact for the jury to decide. As our Supreme Court stated in *State* v. *Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340]:

"A reviewing court will not reverse a jury verdict where there is substantial evidence upon which a jury could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt."

In this case there was such substantial evidence.

### Assignment of Error No. 4

"The trial court committed prejudicial error in not dismissing Count 3, Burglary, of the indictment since making a judicial determination that Count 2, Kidnapping, of the indictment, thereby eliminating the essential element of felonious assault necessary to sustain a conviction of the crime of burglary." [*Sic.*]

This assignment of error is not well-taken. Count 3 of the indictment states:

"And the Grand Jurors of the State of Ohio, * * * DO FURTHER FIND AND PRESENT, that WILLIE J. HERRIN in the County of Summit and State of Ohio, on or about the 20th day of April, A.D., 1981, did commit the crime of BURGLARY in that he, did, by force, stealth or deception, trespass in 655 East Avenue, Akron, Ohio an occupied structure, defined in Section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, *with purpose to commit therein, the crime of Felonious Assault* * * *.*" (Emphasis added.)

As mentioned in the second assignment of error, burglary requires only that a person by force, stealth or deception, trespass in an occupied structure *with a purpose to commit* therein a theft offense, or *any felony*. It does not require that the felony offense actually be committed. If in fact the felony is committed, that gives life to a new and separately chargeable offense. See *State* v. *Frazier* (1979), 58 Ohio St. 2d 253, at 256 [12 O.O.3d 263]; and *Boyer* v. *Maxwell* (1963), 175 Ohio St. 318, at 319 [25 O.O.2d 185].

In the instant case, there was ample evidence adduced at trial for the jury to have concluded that the defendant trespassed in the house occupied by his wife, and that he did so with the purpose or intent of committing felonious assault. This would constitute, at the least, burglary, despite the fact that he was unable to actually commit the felonious assault because his wife fled the house just as he was entering.

Defendant later committed felonious assault against his wife for which he was found guilty by the jury. However, this felonious assault was directly related to, and in essence, was part of the act of kidnapping. It was for this reason that the trial court merged the felonious assault with the kidnapping for sentencing purposes, in compliance with R.C. 2941.25.

### Assignment of Error No. 5

"The trial court erred in not conducting a hearing before entering a judgment of conviction and make [*sic*] a determination as to whether there were allied offenses of similar import committed with a single animus; whether there were offenses of dissimilar import; or whether there [*sic*] were similar as to each offense."

R.C. 2941.25 provides:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but

the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

In the case at bar, defendant was found guilty of felonious assault, kidnapping and burglary, but was only sentenced with respect to the kidnapping and burglary. The burglary occurred when defendant trespassed in the occupied house with the purpose to commit a felony.

Thereafter, having failed to locate his wife, defendant left the house. He then spotted his wife across the street. He took his shotgun and chased after her. When he captured her, he had his shotgun with him and he threatened several times to kill her. He then dragged her back to his truck and threw her inside.

R.C. 2905.01 provides with respect to kidnapping that:

"(A) No person, by force, threat, or deception, * * * shall remove another from the place where he is found or restrain him of his liberty, for any of the following purposes:

"* * *

"(3) To terrorize, or to inflict serious physical harm on the victim or another."

It is apparent under the facts of this case that a kidnapping occurred when defendant deprived the victim of her liberty, forced her into his truck, then terrorized her by threatening to kill her. This kidnapping took place at a separate time, in a separate location and with a separate animus from the burglary. Since the sentencing judge was the trial judge, there was no demonstrated need for an additional hearing.

The assignment of error is rejected.

All assignments of error having been rejected, the judgment is affirmed.

*Judgment affirmed.*

VICTOR, J., concurs.

MAHONEY, P.J., dissents.