**The STATE of Ohio, Appellee,**

v.

**MIDDLETON, Appellant.**

[Cite as *State v. Middleton* (1993), 85 Ohio App.3d 403.]

Court of Appeals of Ohio,
Vinton County.

No. 479.

Decided March 26, 1993.

*John G. Gosling,* Vinton County Prosecuting Attorney, for appellee.

*Leonard F. Holzapfel,* for appellant.

PETER B. ABELE, Judge.

This is an appeal from a judgment of conviction and sentence entered by the Vinton County Common Pleas Court. The jury found Jeffrey L. Middleton, defendant below and appellant herein, guilty of burglary in violation of R.C. 2911.12, an aggravated third degree felony, and guilty of domestic violence in violation of R.C. 2919.25, a first degree misdemeanor.

Appellant assigns the following error:

"The trial court erred in ruling that a spouse can be guilty of burglary at the spouse's marital residence."

On December 19, 1991, the grand jury indicted appellant on one count of burglary with a physical harm specification, and one count of domestic violence. The burglary count alleged appellant trespassed in the residence of Judy Middleton on or about December 11, 1991. The domestic violence count alleged appellant committed domestic violence against Judy Middleton on the same date. The indictment did not specify any relationship between appellant and Judy Middleton.

On April 22, 1992, appellant filed a motion to dismiss the burglary count. Appellant, noting the victim is his wife, argued that R.C. 3103.04 prevents a finding that he trespassed in her home, an essential element of the crime of burglary. Appellant cited *State v. Herder* (1979), 65 Ohio App.2d 70, 19 O.O.3d 47, 415 N.E.2d 1000, for the proposition that a spouse cannot be found guilty of trespassing in the dwelling of the other spouse. In *Herder*, 65 Ohio App.2d at 75–76, 19 O.O.3d at 51, 415 N.E.2d at 1004, the court held in pertinent part:

"In light of the clear policy expression set forth in R.C. 3103.04, one spouse cannot be criminally liable for trespass in the dwelling of the other."

We note appellee did not file a written response to appellant's motion to dismiss.

On April 29, 1992, the court held a hearing on the motion. The parties presented no evidence at the hearing. The prosecutor, however, stated that: (1) the parties were married at the time of the crime; and (2) no court order prevented appellant from entering his wife's home at the time of the alleged crimes. The prosecutor stated in pertinent part as follows:

" * * * In any event, Your Honor, factually stated it would appear that the parties were in fact married and continue to be. There is a divorce with a restraining order applied for after the operative facts of the 11th of December, 1991."

Appellant's attorney agreed with the prosecutor's statement of the facts. Later during the hearing, the prosecutor referred to Judy Middleton as appellant's wife.

The trial court appeared to accept the prosecutor's statement of facts, but did not dismiss the action. The trial court ruled that the R.C. 3103.04 provision that neither spouse can be excluded from the dwelling of the other spouse does not apply to bar a prosecution of one spouse for burglary committed in the residence of the other spouse. The court reasoned that trespass is only one element of burglary. The court also reasoned that R.C. 3103.04 appears not among the criminal statutes, but rather appears among the domestic relations statutes. The court stated in pertinent part:

" * * * As I look at the Statute and read them in the context, [R.C.] 3103.04 appears, of course, in the Domestic Relations section and appears in juxtaposition of several Statutes that relate to property rights of husbands and wives, especially since the first paragraph deals with other matters related to dower and so forth, or not in the first paragraph, first sentence. I think that has to be also read in pari materia with the Criminal Statute itself. Now in this particular case, we're talking about burglary, and that's the one that causes so much trouble. I don't think burglary has as it's [*sic*] essence the trespass. I think burglary has

as it's [*sic*] essence the trespass coupled with an attempt to commit an offense. The burglary Statute takes various forms. You can trespass by force, stealth, deception, etcetera, with intent to commit a felony, with intent to commit a misdemeanor, with intent to commit a theft offense. But the real key to burglary is the trespass coupled with the intent, and for that reason I think it's distinguishable from the Civil Statute. Looking at it in a different light however I think there's another ground for distinguishing the Criminal Statute from the Civil Statute, and that is the fact that while it's true husband and wife have privileges with respect to the property of the other I think those Statutes were meant to be enforced civilly, and I say that based upon the place where they are located. I don't think they were meant to affect criminal liabilities."

After the court announced its decision denying appellant's motion to dismiss, the court recessed the hearing. After the recess, the parties announced they had reached a plea agreement whereby appellant would plead no contest to burglary and plead guilty to domestic violence in exchange for the prosecutor's offer to dismiss the physical harm specification. The prosecutor explained the plea agreement in pertinent part as follows:

"The State has a full understanding with a plea of No Contest would be made with a—I believe a stipulation of the facts, withholding the Defendant's intent to file an appeal relative to the privileged issue, which was subject to the defense filing of a Motion to Dismiss the immediate—in the immediate past, and the Court's subsequent ruling, overruling the Motion to Dismiss having the expectations there would be an appeal taken on those issues."

The court informed appellant that his no contest plea on the burglary count would be an admission of the truth of the facts alleged in the indictment. The prosecutor specifically mentioned that appellant was admitting the facts in the indictment "to the point where" appellant claims the law states a spouse cannot be found guilty of trespassing into the other spouse's dwelling.

The court accepted the plea agreement and found appellant guilty on both counts. The court sentenced appellant to one year on the burglary count and six months on the domestic violence count.

Appellant filed a timely notice of appeal.

We note Crim.R. 12(H) permitted appellant to plead no contest on the burglary count and, at the same time, preserve his right to appeal the trial court's decision on his motion to dismiss the burglary count. Crim.R. 12(H) provides:

"the plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence."

Appellant's no contest plea admitted the facts stated in the indictment.[1] Appellant's motion to dismiss, however, did not contest the truth of those facts, but rather stated that R.C. 3103.04 gave him a privilege to enter the home of his wife.

# I

In his sole assignment of error, appellant asserts the trial court erred by ruling that a spouse can be found guilty of burglary committed at the other spouse's residence. In particular, appellant argues the crime of burglary includes the element of trespass,[2] and argues R.C. 3103.04 states one spouse cannot be excluded from the other spouse's dwelling. We agree with appellant.

R.C. 3103.04 provides in pertinent part:

"Neither husband nor wife has any interest in the property of the other * * *. *Neither can be excluded from the other's dwelling,* except upon a decree or order of injunction made by a court of competent jurisdiction." (Emphasis added.)

In *State v. Herder* (1979), 65 Ohio App.2d 70, 19 O.O.3d 47, 415 N.E.2d 1000, the court held that the R.C. 3103.04 ban against exclusion of one spouse from the dwelling of the other spouse prevents a finding of criminal trespass against the first spouse. The court wrote:

"Under the law of Ohio, *neither a husband nor a wife may be excluded from the other's dwelling,* even when the parties are living separate and apart, *unless a court order is obtained.* R.C. 3103.04 expressly provides as follows:

"* * *

"In light of the clear policy expression set forth in R.C. 3103.04, one spouse cannot be criminally liable for trespass in the dwelling of the other. * * *"

---

1. Crim.R. 11(B) provides that a no contest plea admits the truth of the facts alleged in the indictment:

   "(B) Effect of guilty or no contest pleas. With reference to the offense or offenses to which the plea is entered:
   "* * *

   "(2) The plea of no contest is not an admission of defendant's guilt, but *is an admission of the truth of the facts alleged in the indictment,* information, or complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." (Emphasis added.)

2. The burglary statute, R.C. 2911.12, provides in pertinent part as follows:

   "(A) No person, by force, stealth, or deception, shall do any of the following:
   "* * *

   "(2) Trespass in a permanent or temporary habitation of any person when any person is present or likely to be present, with purpose to commit in the habitation any misdemeanor that is not a theft offense."

(Emphasis added.) *Id.,* 65 Ohio App.2d at 75–76, 19 O.O.3d at 50–51, 415 N.E.2d at 1003–1004.

In *State v. Herrin* (1982), 6 Ohio App.3d 68, 6 OBR 535, 453 N.E.2d 1104, the court followed *Herder,* but found it and R.C. 3103.04 inapplicable. The *Herrin* court noted that a court order restricted Herrin from entering his wife's dwelling. The R.C. 3103.04 privilege does not apply where a court order restricts the access of one spouse to the dwelling of another.[3]

In the case *sub judice,* the trial court determined that R.C. 3103.04 should not apply to prevent a burglary conviction against appellant. The trial court reasoned that R.C. 3103.04 is among the civil statutes, not among the criminal statutes. The trial court further reasoned that burglary involves more than mere trespass. The trial court's reasoning does not persuade us to depart from the reasoning in *Herder, supra.*

We note R.C. 3103.04 unequivocally states that neither spouse can "be excluded from the other's dwelling" except upon court order. The statute does not limit itself to civil matters. We may not "restrict, constrict, qualify, narrow, enlarge, or abridge" the clear meaning of a statute to suit the particular facts of a case at bar. *Wachendorf v. Shaver* (1948), 149 Ohio St. 231, 36 O.O. 554, 78 N.E.2d 370, paragraph five of the syllabus. It is our duty to give effect to the words used in a statute, and not to insert words into the statute. *Cleveland Elec. Illum. Co. v. Cleveland* (1988), 37 Ohio St.3d 50, 524 N.E.2d 441, paragraph three of the syllabus. We again note that at the time of the offense in the instant case appellant's spouse had not obtained a court order restricting appellant from entering her dwelling.

■ When any doubt exists concerning the interpretation of a criminal statute, the statute must be construed liberally in favor of the accused. R.C. 2901.04(A) provides:

"(A) Sections of the Revised Code defining offense or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."

---

3. But, see, *Cleveland v. Towns* (June 12, 1986), Cuyahoga App. No. 50512, unreported, 1986 WL 6712, where the court apparently mischaracterized *Herrin* as making a blanket statement that whenever a husband is estranged from his wife, and she has custody and control of the marital residence, the husband commits a trespass when he enters the residence without his wife's permission. Although the *Towns* court did not mention R.C. 3103.04, it mentioned that it excluded evidence of a temporary protective order restraining the husband from entering the residence.

In *Herrle v. Herrle* (Sept. 27, 1984), Medina App. No. 1337, unreported, 1984 WL 3959, the court correctly distinguished *Herrin* by noting that in *Herrin,* a court order barred the husband from entering his wife's dwelling, thus denying the husband the R.C. 3103.04 privilege.

Although R.C. 3103.04 defines a privilege rather than an offense, we believe the same reasoning should apply. See *State v. Bell* (1976), 48 Ohio St.2d 270, 2 O.O.3d 427, 358 N.E.2d 556, where the court held that statutory language defining a "mitigating circumstance" must be strictly construed against the state and liberally construed in favor of the accused. Our system of jurisprudence requires strict construction of statutes against the state and in favor of the accused.

Lastly, we note appellee failed to file a brief in this appeal. When an appellee fails to file a brief, we may reverse the judgment if the appellant's brief reasonably appears to sustain a reversal. App.R. 18(C) provides in pertinent part:

"(C) Consequence of failure to file briefs.  * * *  If an appellee fails to file his brief within the time provided by this rule, or within the time as extended, * * * in determining the appeal, the court may accept the appellant's statement of facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

In the case *sub judice,* appellant's brief, together with the record transmitted on appeal, reasonably appears to sustain a reversal of the burglary conviction below.

Accordingly, based upon the foregoing reasons, we sustain appellant's sole assignment of error and reverse the burglary conviction below. We note appellant did not challenge the domestic violence conviction; hence, we affirm the domestic violence conviction.

*Judgment affirmed in part*
*and reversed in part.*

HARSHA, P.J., and GREY, J., concur.