The STATE of Ohio, Appellee,

v.

BROOKS, Appellant.

[Cite as *State v. Brooks* (1995), 101 Ohio App.3d 260.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 14115.

Decided Feb. 17, 1995.

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *Carley J. Ingram,* Assistant Prosecuting Attorney, for appellee.

*Richard A. Nystrom,* for appellant.

JOSEPH D. KERNS, Judge.

Defendant, Paul Brooks, appeals from his conviction for burglary. Brooks argues that the trial court abused its discretion by admitting into evidence irrelevant testimony and photographs that were not properly authenticated. Brooks also contends that the trial court erred by not instructing the jury on a

lesser included offense and an applicable affirmative defense. We conclude that the photographs in question were properly authenticated, that the challenged testimony was relevant, and that the trial court's jury instructions were not inaccurate, incomplete, or misleading and did not deny Brooks a fair trial. Accordingly, the trial court's judgment will be affirmed.

The evidence presented by the state demonstrates that in March 1993 Julie Carter, Paul Brooks's girlfriend, was living with her friend Kelle Boydston at Boydston's apartment located at 2040 Lakewood Drive, Kettering, Ohio. Brooks had also lived at that apartment but had moved out in February 1993.

On March 6, 1993, Paul Brooks telephoned Julie Carter at Kelle Boydston's apartment. Brooks told Carter he was on his way over to that apartment and that he was going to physically harm Julie. A few minutes later Brooks arrived at Boydston's apartment. Boydston told Brooks to leave. Brooks, however, forced his way into the apartment through a window and subsequently assaulted both Carter and Boydston. Police were called and Brooks was apprehended at the scene.

For his defense Brooks presented testimony by Julie Carter, who acknowledged that Brooks came to the apartment on March 6 and attacked her, but Carter claimed that Brooks was still living at that apartment at the time. Thus, Brooks attempted to demonstrate that he was guilty of at most assault but not burglary.

Brooks was indicted on one count of burglary in violation of R.C. 2911.12(A)(2). A prior offense of violence specification was attached to that charge. Following a jury trial Brooks was found guilty on the burglary charge. At the sentencing hearing the trial court found that Brooks had previously been convicted of an offense of violence. Accordingly, the trial court sentenced Brooks to an indefinite term of imprisonment in accordance with law.

Paul Brooks has timely appealed to this court from his conviction and sentence:

"I. The trial court erred by admitting into evidence prejudicial exhibits and testimony which were without foundation or irrelevant thereby violating defendant's constitutional right to due process under the Fourteenth Amendment of the United States Constitution and Article I, Section 10 of the Ohio State Constitution."

Defendant Brooks challenges the overruling of his objection to State's Exhibits 1–5, photographs from the crime scene, and the trial court's admission of that evidence on the grounds that said photographs were not properly authenticated.

Evid.R. 901(A) provides:

"The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

■ In arguing that the photographs from the crime scene were not properly authenticated, Brooks points out that the witness who identified those photographs, Kettering Police Officer Steve Roberts, was not the person who took the photographs, and no evidence was ever offered as to who took the photographs or when. Officer Roberts, who was dispatched to and arrived at the crime scene just moments after the crime occurred, testified that each and every one of the photographs, State's Exhibits 1–5, fairly and accurately depicted the scene as Officer Roberts observed it on March 6, 1993. Such evidence is sufficient to support a finding that the photographs in question are what the proponent claims, photographs of the crime scene. The threshold standard for authentication in Evid.R. 901 was satisfied in this case. 2 Weissenberger, Ohio Evidence (Rev.1988) 13–14, Section 901.16.

■ In further support of his authentication argument Brooks points to the fact that at one point in his testimony Officer Roberts referred to the crime scene as 2040 Richfield, whereas this crime occurred at 2040 Lakewood. From this discrepancy Brooks fashions an argument that the photographs taken at the scene as described by Officer Roberts were not taken at 2040 Lakewood and hence were not taken at the crime scene. Irrespective, however, of any confusion in the testimony as to the correct address at the crime scene, it is clear from the trial record that the crime scene was the apartment of Kelle Boydston and the photographs in question, State's Exhibits 1–5, were taken at Boydston's apartment. Moreover, Officer Roberts testified that these photographs were of the building at 2040 *Lakewood.* Brooks's objection regarding the confusion over the correct address at the crime scene goes to the weight rather than the admissibility of the photographs. Despite admission of the photographs, it remained the province of the trier of fact here, the jury, to reject the authenticity of the photographs and disbelieve the testimony of the foundational witness, Officer Roberts, if they so chose. 2 Weissenberger, Ohio Evidence (Rev.1988) 6, Section 901.3.

We see no error, much less an abuse of discretion, on the part of the trial court in admitting State's Exhibits 1–5.

Defendant Brooks further complains about the admission of rebuttal testimony by Officer Roberts concerning the presence of possible bloodstains in the bathtub at the crime scene that may have resulted from injuries which Julie Carter sustained when Brooks attacked her in the bathroom. According to Brooks, because the trial court's jury instructions on the charged offense concerned

Brooks's purpose or intent to assault *Kelle Boydston,* any evidence relating to the presence of blood which may have resulted from an attack upon *Julie,* as opposed to Kelle, was completely irrelevant to the offense charged. Brooks argues that such evidence was highly prejudicial due to its inflammatory nature and the fact that it tends to show Brooks committed an offense he was not charged with, *i.e.,* assaulting Julie.

Brooks was charged by indictment with burglary in violation of R.C. 2911.12(A)(2):

"No person, by force, stealth, or deception, shall do any of the following:

" * * *

"(2) Trespass in a permanent or temporary habitation of any person when any person is present or likely to be present, with purpose to commit in the habitation any misdemeanor that is not a theft offense."

In proving a violation of R.C. 2911.12(A)(2), the state is not required to prove that defendant actually committed a misdemeanor offense (other than theft) inside the habitation into which defendant trespassed, much less that the victim of said misdemeanor offense was the owner, a resident, or any other particular person. Rather, the state need only prove that defendant had the purpose or intent to commit some misdemeanor offense. As framed by the particular facts in this case, the state was obligated to prove that Brooks trespassed in Kelle Boydston's apartment with the purpose or specific intention of committing the misdemeanor offense of assault therein. To that extent the state presented evidence at trial demonstrating that Brooks moved out of Kelle Boydston's apartment one month before this offense occurred; that on the day of this offense at 2:30 p.m., Brooks telephoned his girlfriend, Julie Carter, who was living with Kelle Boydston, and said he was on his way over there and that he was going to harm Julie; that Kelle did not give Brooks permission to enter her apartment that day and in fact told Brooks to leave when he arrived at 3:00 p.m. and requested entry; that after forcing his way into Kelle's apartment through a window, Brooks physically assaulted both Kelle and Julie; and that Julie suffered injuries to her head as a result of the beating Brooks gave her.

"Relevant evidence" is defined in Evid.R. 401:

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

To the extent that the state was obligated to prove that Brooks trespassed in Kelle's apartment with the purpose or specific intention of committing an assault therein, evidence of possible bloodstains in the bathtub which may

have resulted from the injuries Julie sustained when Brooks physically attacked her in the bathroom after he entered Kelle's apartment was relevant to proving Brooks's purpose or specific intention. Accordingly, such evidence was admissible. Evid.R. 402. Naturally, any evidence of assaultive behavior on Brooks's part after he entered Kelle's apartment is prejudicial. It is not however *unfairly* prejudicial and therefore inadmissible. Evid.R. 403(A). Moreover, the fact that Officer Roberts was unable to state with scientific certainty that the substance he observed in the bathtub was in fact blood, but instead testified that the substance appeared to him to be fresh blood, goes to the weight rather than the admissibility of this evidence. We see no error or abuse of discretion in admitting Officer Robert's rebuttal testimony.

With respect to the photograph which the state offered depicting the alleged bloodstains in the bathtub at Kelle Boydston's apartment, State's Exhibit 10, Brooks objected, and the trial court excluded that evidence.

The first assignment of error is overruled.

"II. The trial court erred by refusing to instruct the jury on a lesser included offense and a reasonable affirmative offense to burglary thereby violating defendant's constitutional right to due process under the Fourteenth Amendment of the United States Constitution and Article I, Section 10 of the Ohio State Constitution."

■ In challenging the trial court's jury instructions, Brooks first complains that the court failed to instruct the jury on the lesser included offense of assault. The trial record belies this claim.

As heretofore indicated, Brooks was charged by indictment with one count of burglary in violation of R.C. 2911.12(A)(2), which provides:

"No person, by force, stealth, or deception, shall do any of the following:
" * * *

"(2) Trespass in a permanent or temporary habitation of any person when any person is present or likely to be present, with purpose to commit in the habitation any misdemeanor that is not a theft offense."

In the course of instructing the jury on the elements of the above offense, the trial court indicated that the applicable misdemeanor offense in this case was assault. The court then instructed the jury on the elements of assault in accordance with R.C. 2903.13(A). The court further instructed the jury:

"You must first consider the offense charged in the indictment, namely burglary. If you find that the State proved beyond a reasonable doubt all the essential elements of the offense of burglary, your verdict must be guilty as charged.

"However, if you find that the State failed to prove beyond a reasonable doubt any one of the essential elements of the offense of burglary, then your verdict must be not guilty of that offense, and in that event, you will continue your deliberations to decide whether the State proved beyond a reasonable doubt all the essential elements of the lesser included offense of assault.

"The offense of assault is distinguished from burglary by the absence or failure to prove that the defendant forcibly trespassed into the habitation of Kelle L. Boydston.

"If you find that the State proved beyond a reasonable doubt all the essential elements of the assault, your verdict must be guilty of that offense.

"If you find that the State failed to prove beyond a reasonable doubt any one of the essential elements of assault, your verdict must be not guilty of that offense."

Brooks's claim that the trial court failed to instruct the jury on the lesser included offense of assault is specious.

Brooks further complains about the trial court's failure to instruct the jury on an applicable affirmative defense. Brooks argues that the jurors should have been instructed that in the event they found (as a fact) that at the time of this offense Brooks was still living at Kelle Boydston's apartment, then Brooks was "privileged" to forcibly enter that apartment as such was his own residence.

The evidence presented at trial was conflicting as to whether at the time of this offense Brooks was still living at Kelle Boydston's apartment with his girlfriend Julie Carter, or whether he had previously moved out. In instructing the jury on the elements of burglary in accordance with R.C. 2911.12(A)(2), including the element of trespass, the court stated:

"The indictment charges the defendant, Paul Crawford Brooks, with burglary. Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or about the 6th day of March, 1993, and in Montgomery County, Ohio, the defendant, by force trespassed in an occupied structure, or in a separately secured or separately occupied portion thereof, with purpose to commit an assault upon Kelle L. Boydston.

"The Court has used several words and phrases that now require definition for the purposes of this trial.

" 'Force' means any violence, compulsion or constraint exerted by any means upon or against a person or thing, to gain entrance.

" 'Trespass' means any entrance, knowingly made, in a structure of another is unlawful if it is without authority, consent or privilege to do so."

At the conclusion of the court's charge to the jury, Brooks voiced his sole objection to the instructions. That objection was directed to the portion of the

charge where the court, in instructing the jury on the lesser included offense of assault, distinguished the lesser included offense of assault from the charged offense of burglary by stating:

"The offense of assault is distinguished from burglary by the absence or failure to prove that the defendant forcibly trespassed into the habitation of Kelle L. Boydston."

Brooks's objection to the above-quoted language was as follows:

"It's the defense's position that that by itself creates the implication that if this residence was the habitation of others, including the defendant, that he could still be found guilty of burglary, and we do not understand that to be the law."

A privilege is an immunity, license, or right conferred by law. R.C. 2901.01(L). With regard to possible defenses to the charged offense of burglary, the only "privilege" relevant to the trespass element of that charged offense that we are aware of concerns the privilege of one spouse not to be excluded from the other spouse's dwelling, except pursuant to court order. Pursuant to R.C. 3103.04, neither a husband nor a wife can be excluded from the other's dwelling, absent a court order. Thus, one spouse cannot be held criminally liable for trespass in the dwelling of the other spouse unless there exists a court order restricting one of the spouses from entering the dwelling of the other. *State v. Middleton* (1993), 85 Ohio App.3d 403, 619 N.E.2d 1113; *State v. Herder* (1979), 65 Ohio App.2d 70, 19 O.O.3d 47, 415 N.E.2d 1000. We are not aware, however, of any similar privilege which would apply in a case such as this one where there is no marital relationship and the uncontroverted evidence demonstrates that defendant's request for entry into Kelle Boydston's apartment was expressly refused by the lessee of that apartment, Kelle Boydston. Even assuming *arguendo* that Brooks was still living at Kelle Boydston's apartment by virtue of Kelle's consent at the time of this offense, that fact would not as a matter of law preclude Brooks's criminal liability for forcibly entering Kelle's apartment, because it is clear that Kelle Boydston had the authority to revoke the permission she had previously granted to Brooks to be inside her apartment, and on the day of this offense Kelle did just that by refusing Brooks's request to enter. Brooks fails to specifically identify for this court any privilege which would preclude his criminal liability for trespass (and thus burglary) with respect to his forcible entry into Kelle Boydston's apartment, and we are not aware of any such privilege. We note that to the extent trespass is an invasion of the possessory interest in property, it is possible for a person to commit a trespass even with respect to property which he owns in whole or in part. *State v. Herder, supra.*

Examination of this trial record reveals that at no time did Brooks ever request, either orally or in writing, any specific jury instruction dealing with the

defense of privilege or any other matter. Still, Brooks's objection may be sufficient to preserve for appellate review the issue about which he now complains. See *State v. Williford* (1990), 49 Ohio St.3d 247, 551 N.E.2d 1279; *State v. Wolons* (1989), 44 Ohio St.3d 64, 541 N.E.2d 443. Nevertheless, we conclude that Brooks was not privileged to forcibly enter Kelle Boydston's apartment and accordingly the court was not obligated to instruct the jury on that issue. The court's overall instructions on the charged offense of burglary closely track the pattern instructions found in 4 Ohio Jury Instructions (1993) 228–231, Section 511.12, including the instruction defining the element of trespass. Examining as we must the court's charge as a whole and not just isolated portions thereof, *State v. Penson* (Feb. 26, 1990), Montgomery App. No. 9193, unreported, 1990 WL 19395, we conclude that those instructions were not inaccurate, incomplete or misleading, and did not deny Brooks his right to a fair trial.

The second assignment of error is overruled. The judgment of the trial court will be affirmed.

*Judgment affirmed.*

GRADY, P.J., and BROGAN, J., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.