OPINION
The facts giving rise to this appeal are as follows. In November 1997, appellant was married to Brant Gorsuch but the couple did not live together. Brant Gorsuch lived with his father, Donald Gorsuch, at the elder Gorsuch's residence. On November 27, 1997, a complaint was filed in the Fulton County Court, Western Division, alleging that appellant "did, without privilege to do so knowingly, enter or remain on the land or premises of Donald D. Gorsuch located at 10098 State Route 108, Wauseon, Ohio."
On December 16, 1997, appellant moved for a dismissal of her case arguing that a spouse could not be held liable for trespassing in the dwelling of his or her spouse. The court denied appellant's motion. Thereafter, she entered a no contest plea to the charge of criminal trespass. She was fined $100 plus costs and received a two day suspended jail term. Appellant now appeals setting forth the following assignment of error:
 "THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT-APPELLANT'S MOTION TO DISMISS."
Appellant contends one spouse cannot be prosecuted for trespassing in the dwelling of another spouse. In support, appellant cites State v. Middleton (1993), 85 Ohio App.3d 403. Middleton, estranged from his wife, was convicted of burglarizing their marital residence. On appeal, appellant argued that R.C.3103.04 prevented a finding that he trespassed in his wife's home, an essential element of the crime of burglary. R.C. 3103.04
states as follows:
"Interest in the property of the other.
 "Neither husband nor wife has any interest in the property of the other, except as mentioned in section 3103.03 of the Revised Code, the right to dower, and the right to remain in the mansion house after the death of either. Neither can be excluded from the other's dwelling, except upon a decree or order of injunction made by a court of competent jurisdiction."
Middleton cited the case of State v. Herder (1979),65 Ohio App.2d 70, for the proposition that a spouse cannot be found guilty of trespassing in the dwelling of another spouse. TheHerder court specifically held:
 "[U]nder the law of Ohio, neither a husband nor a wife may be excluded from the other's dwelling, even when the parties are living separate and apart, unless a court order is obtained. * * * In light of the clear policy expression set forth in R.C. 3103.04, one spouse cannot be criminally liable for trespass in the dwelling of the other." Middleton, supra at 407-408, citing Herder, supra at 75-76.
The appellate court agreed with the above law and reversed his burglary conviction noting that R.C. 3103.04 does not limit itself to civil matters. The court further stated "[W]hen any doubt exists concerning the interpretation of a criminal statute, the statute must be construed liberally in favor of the accused. R.C. 2901.04(A)." Middleton, supra, at 408.
The state argues that R.C. 3103.04 does not act to bar appellant's conviction for trespass because appellant did not trespass in the "marital residence." The Eighth District Court of Appeals in Slansky v. Slansky (1973), 33 Ohio App.2d 127, held that "the term `dwelling' as used in R.C. 3103.04 refers to any place of abode that has been used as the matrimonial home." In reaching this conclusion, the Slansky court thoroughly explored the history of R.C. 3103.04 recognizing that its overall purpose was "to make a wife's property rights contiguous with those of her husband" and to "protect the marriage" from the internal stresses which "at times may overcome mature judgment."
The record shows that appellant was not convicted of trespassing in a marital residence. Rather, she was convicted of trespassing on the premises of Donald Gorsuch. Accordingly, the court did not err in denying appellant's motion to dismiss. Appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Fulton County Court, Western Division, is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
 Peter M. Handwork, P.J.
 George M. Glasser, J.
 Melvin L. Resnick, J.
CONCUR.