On June 6, 1994, the Knox County Grand Jury indicted appellant, Mark Ochs, on one count of rape in violation of R.C.2907.02(A)(2) and one count of aggravated burglary in violation of R.C. 2911.11 (A)(2). Said charges arose from an incident on April 14, 1994 involving appellant's wife, Stephanie Ochs.
On July 19, 1996, appellant pled guilty to the aggravated burglary count. The rape count was dropped. By judgment entry filed December 3, 1996, the trial court sentenced appellant to an indeterminate term of five to twenty-five years in prison.
On June 5, 1997, appellant filed a motion for super shock probation. By judgment entry filed June 23, 1997, the trial court denied said motion.
On August 25, 1997, appellant filed a pro se motion for postconviction relief claiming his guilty plea was not knowingly and intelligently made. By judgment entry filed January 6, 1998, the trial court denied said motion.
Appellant filed an appeal and this matter is now before this court for consideration.
Assignments of error are as follows:
I
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT PURSUANT TO PRE-SENATE BILL 2 GUIDELINES, RATHER THAN PURSUANT TO SENATE BILL 2.
II
 THE FAILURE OF TRIAL COUNSEL TO OBJECT TO THE SENTENCING OF THE DEFENDANT-APPELLANT UNDER PRE-SENATE BILL 2 GUIDELINES, RATHER THAN PURSUANT TO SENATE BILL 2, DENIED THE DEFENDANT-APPELLANT HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
III
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN SUMMARILY DENYING, WITHOUT AN EVIDENTIARY HEARING, THE DEFENDANT-APPELLANT'S PETITION FOR POST-CONVICTION RELIEF.
IV
 THE FAILURE OF TRIAL COUNSEL TO PROTECT, BY MAKING A TIMELY FILING OF A PETITION FOR POST-CONVICTION RELIEF, THE DEFENDANT-APPELLANT'S STATUTORY AND CONSTITUTIONAL RIGHTS, DENIED THE DEFENDANT-APPELLANT HIS CONSTITUTIONAL RIGHTS, DENIED THE DEFENDANT-APPELLANT HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.
 I, II
Appellant claims he was improperly sentenced and his trial counsel was ineffective for not objecting thereto. We disagree.
Appellant claims he was sentenced after the effective date of S.B. No. 2 (July 1, 1996) and therefore he was entitled to be sentenced under S.B. No. 2 provisions. In support, appellant cites this court's decision in State v. Rush (July 7, 1997), Stark App No. 96 CA 419, unreported. We note the Supreme Court of Ohio reversed Rush stating as follows:
 2. Because the General Assembly has expressly stated that the amended sentencing provisions of Am.Sub.S.B. No. 2 are applicable only to those crimes committed on or after its effect date, R.C. 1.58(B) is inapplicable. The amended sentencing provisions of Am.Sub.S.B. No. 2 apply only to those crimes committed on or after July 1, 1996.
 State v. Rush (1998), 83 Ohio St.3d 53, paragraph two of the syllabus.
Based upon the holding in Rush, we find no error in appellant's sentence and no ineffective assistance of counsel.
Assignments of Error I and II are denied.
 III, IV
Appellant claims the trial court erred in denying him an evidentiary hearing on his petition for postconviction relief and in finding the petition was untimely and did not present substantive issues subject to relief. We agree as to the issue of timeliness but find it is not the controlling issue.
Under R.C. 2953.21, a petition for postconviction relief must be filed within one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal or after the appeal time has lapsed. Clearly appellant's August 25, 1997 petition for postconviction relief was filed beyond the one hundred eighty day time limit. Appellant argues he is entitled to delayed consideration because of the exception to the one hundred eighty day rule afforded by R.C. 2953.23(A) which states as follows:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petitioner asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
Appellant argues the first prong of R.C. 2953.23(A) is satisfied because he was unaware of his trial counsel's deficiencies until his June 5, 1997 motion for shock probation was denied on June 23, 1997. Appellant argues the second prong is satisfied with his claim of constitutional error in being convicted of aggravated burglary of his estranged spouse's residence. In support, appellant cites the case of State v.Middleton (1993), 85 Ohio App.3d 403, 498, wherein the court held as follows:
 We note R.C. 3103.04 unequivocally states that neither spouse can 'be excluded from the other's dwelling' except upon court order. The statute does not limit itself to civil matters. We may not 'restrict, constrict, qualify, narrow, enlarge, or abridge' the clear meaning of a statute to suit the particular facts of a case at bar. Wachendorf v. Shaver (1948), 149 Ohio St. 231, 36 O.O. 554, 78 N.E.2d 370, paragraph five of the syllabus. It is our duty to give effect to the words used in a statute, and not to insert words into the statute. Cleveland Elec. Illum. Co. v. Cleveland (1988), 37 Ohio St.3d 50, 524 N.E.2d 441, paragraph three of the syllabus. We again note that at the time of the offense in the instant case appellant's spouse had not obtained a court order restricting appellant from entering her dwelling.
From the affidavits filed with appellant's petition for postconviction relief, it is clear the victim cited in the indictment is appellant's wife. Further, attached to the July 16, 1996 response to request for discovery is an investigation report wherein it states as follows:
 Mrs. Ochs was also interviewed and advised she and her husband Mark W. Ochs have been separated for about two months. They have both sign their dissolution papers but they have not been filed in court yet because Mark has not paid their attorney his half of the fee.
Given the mandate imposed by R.C. 2953.21 (C), the trial court, in making a determination of substantial grounds for relief, is required to review "all the files and records pertaining to the proceedings."
Considering the analysis in Middleton, we find appellant qualified for delayed consideration under both prongs of R.C.2953.23(A). The trial court erred in dismissing the petition for being untimely. However, as evidenced by judgment entry filed January 6, 1998, Conclusion of Law No. 5, the trial court did not base its dismissal on the issue of timeliness alone:
 5. Defendant has failed to show a manifest injustice that would convince the Court that he should be permitted to withdraw his guilty plea. The Court finds that his belated contention that he was made a 'promise of probation' is supported only by his own self-serving affidavit. Everything else evidences the contrary, that no 'promises' were made.
Based upon this finding and conclusion, we must review under R.C. 2953.21(C) whether the affidavits presented demonstrated "substantive grounds for relief."
The thrust of appellant's argument is that he was promised super-shock probation although the trial court denied such on June 23, 1997. The affidavits of appellant's wife, mother, and sister merely reiterate that appellant told them he believed he would get shock probation. See, Affidavits of Stephanie Ochs, Brenda Ochs and Karen Latilias, attached to Appellant's August 25, 1997 Petition for Postconviction Relief.
The state's response filed October 30, 1997 included affidavits of appellant's trial counsel and probation officer which specifically denied appellant was promised shock probation. The response also included a transcript of the plea hearing which included the following explanation by the trial court to appellant:
 THE COURT: Okay. I want you to further understand that actual incarceration means that an offender is required to be imprisoned for the stated period of time to which the offender is sentenced that is specified as a term of actual incarceration. A person sentenced to a term of actual incarceration may not be granted a suspended sentence, probation, or shock probation by the Court. * * * Do you understand what actual incarceration means, Mr. Ochs?
THE DEFENDANT: Yes, sir.
* * *
 THE COURT: Okay. You are eligible for probation on this matter. Has anyone made any promises to you as to what the sentence of the Court will be?
THE DEFENDANT: No, sir.
T. at 7-8.[1]
Given the explanation by the trial court, the precise language of the plea agreement and the affidavit of appellant's trial counsel, we find the trial court was correct in finding no substantive grounds for relief.
Assignments of Error III and IV are denied.
The judgment of the Court of Common Pleas of Knox County, Ohio is hereby affirmed.
By Farmer, J., Wise, P.J. and Gwin, J. concur.
-----------------------
-----------------------
 ----------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment Court of Common Pleas of Knox County, Ohio is affirmed.
-----------------------
-----------------------
 ----------------------- JUDGES
[1] We note appellant's plea was a negotiated plea wherein the state agreed to drop the rape count in exchange for a guilty plea on the aggravated burglary count.