The defendant was charged with assaulting Barbara Carsby on November 2, 1997, during an argument in a hotel room the two shared. After a jury trial, the defendant was found guilty and sentenced by the trial judge to 180 days in jail, a $1,000 fine and court costs, and one year of probation. The judge suspended 120 days of the jail term and $500 of the fine.[1]
In the defendant's first assignment of error, he claims that the trial judge erred in allowing the admission of eight photographs of the victim's injuries into evidence. Under Evid.R. 403 and 611(A), the admission of photographs is left to the trial court's discretion. See State v. Slagle (1992), 65 Ohio St.3d 597,601, 605 N.E.2d 916, 923; see, also, State v. Maurer (1984),15 Ohio St.3d 239, 473 N.E.2d 768. So long as the probative value of the photographs is not substantially outweighed by the danger of unfair prejudice to the defendant, nonrepetitive photographs are admissible. See State v. Gumm (1995), 73 Ohio St.3d 413,653 N.E.2d 253; State v. Rogers (June 19, 1998), Hamilton App. No. C-970190, unreported. Furthermore, if the victim identifies the photographs as accurately depicting her injuries, the authentication requirements of Evid.R. 901 are fulfilled. Statev. Brooks (1995), 101 Ohio App.3d 260, 655 N.E.2d 418.
The trial judge reviewed the photographs of the victim, which were objected to by the defendant on the basis that the photographs were repetitive and not properly authenticated. The photographs of the victim's injuries illustrated the extent of the assault and were not repetitive. In reviewing the photographs, we hold that the admission of the photographs was not unduly prejudicial to the defendant and that the photographs were properly authenticated by the victim, who testified that the photographs accurately portrayed her injuries. We thus conclude that the trial judge did not abuse her discretion in admitting the photographs into evidence, and we overrule the defendant's first assignment of error.
The defendant's second assignment of error asserts that the trial court erred in allowing the emergency-medical-technician (EMT) report into evidence. Reports prepared in the ordinary course of business are admissible, including the portions of medical records and EMT reports that do not contain the patient's version of the events that gave rise to the treatment. Evid.R. 803(6); see, also, Mastran v. Urichich (1988), 37 Ohio St.3d 44,523 N.E.2d 509. Additionally, statements made to medical personnel that are used for the purpose of providing a diagnosis and medical treatment are exceptions to the hearsay rule and may be admitted. See Evid.R. 803(4); see Hatfield v. Andermatt
(1988), 54 Ohio App.3d 188, 561 N.E.2d 1023.
Ms. Carsby's statements that she received her injuries from an assault were properly admitted under Evid.R. 803(4); however, the statement "[p]atient * * * states that her boyfriend had attempted to choke her with hands and had hit her" did not provide diagnostic information or assist in medical treatment and was therefore inadmissible hearsay. See State v. Hairston (1990),67 Ohio App.3d 341, 586 N.E.2d 1200. Despite the erroneous admission of the foregoing statement contained within the EMT report, we conclude, pursuant to Crim.R. 52(A), that the admission into evidence of the entire EMT report was harmless because Ms. Carsby had already testified to the events that led up to her injuries. Accordingly, the second assignment of error is overruled.
In his third assignment of error, the defendant claims that the evidence was insufficient to sustain his conviction and that the trial court erred in failing to grant the defense's motion for acquittal. We disagree.
To determine whether the trial court improperly denied a motion for acquittal, the relevant inquiry is whether, after viewing all of the evidence in a light most favorable to state, any rational trier of fact could have found all of the essential elements of the offense proven beyond a reasonable doubt. Statev. Williams (1996), 74 Ohio St.3d 569, 660 N.E.2d 724; see, also,State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184. In this case, the state presented sufficient evidence that the defendant knowingly caused or attempted to cause physical harm to Ms. Carsby. Therefore, we overrule the defendant's third assignment of error.
In the defendant's fourth assignment of error, he claims that the trial court abused its discretion by imposing both a fine and incarceration. This assignment of error has no merit. A trial court may impose both a fine and incarceration upon a misdemeanor defendant if "the offense has proximately resulted in physical harm to the person or property of another." R.C. 2929.22(E). Only if the offender cannot pay the fine because of an "undue hardship" does the court abuse its discretion. R.C. 2929.22(F); see, also, Cincinnati v. Clardy (1978), 57 Ohio App.2d 153,385 N.E.2d 1342.
In this case, the defendant, while making a claim of indigency at sentencing, had twice posted a $10,000 bond and had retained counsel for both trial and appeal. Nowhere in the record is there an indication that the defendant had counsel appointed for him. Furthermore, the defendant caused physical harm to the victim, thereby allowing the imposition of both a fine and incarceration. Thus, we conclude that the trial court did not abuse its discretion by imposing a fine and incarceration, and we overrule the fourth assignment of error. The judgment of the trial court is, accordingly, affirmed.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed.
 Sundermann, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] We have sua sponte removed this case from the accelerated calendar.